[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14980
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00036-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

XAVION DEANDRE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 22, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Xavion Jackson appeals his 60-month sentence, after pleading guilty to one
count of being a felon in possession of a firearm and ammunition, in violation of
18 U.S.C. §§ 922(g), 924(a)(2). On appeal, Jackson argues that, despite this

Court's recent decision in United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), reh'g denied, (Feb. 18, 2015), the district court erred in finding that his prior convictions under Fla. Sta. § 893.13(1)(a) constituted controlled substance offenses for purposes of determining his base offense level in U.S.S.G. § 2K2.1(a)(4)(A). After careful review, we affirm.

We review a district court's interpretation of the Guidelines and application of the Guidelines to the facts de novo, and review its findings of fact for clear error. United States v. Barrington, 648 F.3d 1178, 1194-95 (11th Cir. 2011). A factual finding is clearly erroneous when, upon review of the evidence, we are left with a definite and firm conviction that a mistake has been made. Id. at 1195.

The Sentencing Guidelines provide for a base offense level of 20 if the defendant committed the offense currently before the sentencing court after having previously been convicted of a controlled substance offense. U.S.S.G. § 2K2.1(a)(4)(A). The term "controlled substance offense" carries the same meaning for purposes of § 2K2.1 as it does under the career offender guidelines in § 4B1.2. See id. § 2K2.1, comment. (n.1). Thus, a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance

2

. . . with intent to manufacture, import, export, distribute, or dispense. Id. § 2K2.1, comment. (n.1); Id. § 4B1.2(b).

Under Florida law, it is unlawful to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). For offenses under Fla. Stat. § 893.13 committed after 2002, "knowledge of the illicit nature of a controlled substance is not an element of [the] offense." Fla. Stat. § 893.101(2). In other words, a defendant may be convicted under § 893.13(1)(a) even if he was unaware that the substance he possessed was a controlled substance. In Smith, we held that convictions under Fla. Stat. § 893.13(1) qualify as controlled substance offenses under U.S.S.G. § 4B1.2(b) despite the Florida statute's lack of a mens rea element. Smith, 775 F.3d at 1266-68. Under the prior panel precedent rule, subsequent panels are bound by the holding of a prior panel unless and until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or of this Court sitting en banc. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Jackson's argument in this case is foreclosed by our holding in Smith. As for his claim that Smith was wrongly decided and should not be followed, we are unpersuaded. Smith is binding precedent and must be followed unless it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or of this Court sitting en banc.

3

**AFFIRMED**.