[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13299
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20014-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS LAMONT SMITH,
a.k.a. Hound,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 9, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Lamont Smith appeals his sentence of 188 months' imprisonment, imposed at the upper end of advisory guidelines range, after pleading guilty to one count of conspiracy to possess with intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. § 846.  On appeal, Smith argues that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1(a) because his three prior convictions under section 893.13(1) of the Florida Statutes were not "controlled substance offenses" within the meaning of the career offender provision.  Smith argues that a prior conviction can only be a "controlled substance offense" if it is "substantially similar" to the federal drug trafficking definition. Unlike federal law, his convictions under section 893.13(1) did not have a mens rea element, so they could not be "controlled substance offenses."  He also argues that his prior offenses were related, and thus should not be counted separately, because the conduct in each was essentially the same, and because two of the three were consolidated for purposes of plea and sentencing.

We review *de novo* the district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1.  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).  Sentencing arguments raised for the first time on appeal are reviewed only for plain error.  *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).

2

A defendant is a career offender if, among other things, he has at least two prior felony convictions for a controlled substance offense. U.S.S.G. § 4B1.1(a). A defendant will have "two prior felony convictions" if he was convicted before committing the current offense and if at least two of the sentences are counted separately under the Guidelines. *Id.* § 4B1.2(c). Prior sentences always are counted separately if imposed for offenses that were separated by an intervening arrest—that is, the defendant was arrested for the first offense before committing the second. *Id.* § 4A1.2(a)(2). A "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver, of cocaine as a second-degree felony. *See* Fla. Stat. § 893.13(1)(a)(1). Doing the same with marijuana within 1000 feet of a school is also a second-degree felony. *See id.* § 893.13(1)(c)(2). Second-degree felonies are punishable by up to 15 years of imprisonment. *Id.* § 775.082(3)(d). We have previously determined that a conviction under section 893.13(1) is a

3

"controlled substance offense" under § 4B1.2(b) in *United States v. Smith*, 775 F.3d 1262, 1267–68 (2014).

We have already rejected the mens rea argument that Smith raises for the first time on appeal, so his argument lacks merit even if it had been preserved. *See Smith*, 775 F.3d at 1267. Here, Smith was properly sentenced as a career offender because his prior marijuana and cocaine convictions were offenses under state law, punishable by a term of imprisonment exceeding one year, and concerned the distribution or dispensing, or possession with intent to distribute or dispense, of a controlled substance. *See Smith*, 775 F.3d at 1267–68; *see also* U.S.S.G. § 4B1.2(b). Smith's convictions were based on three different arrests committed before the offense on appeal, so the district court properly concluded that Smith had two or more prior felonies, even if the conduct in each was similar. U.S.S.G. § 4B1.2(c); *see id.* § 4A1.2(a)(2). We affirm.

**AFFIRMED.**