[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12664
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20014-WJZ-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ALLEN BLUE,
a.k.a. Blue,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 30, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Allen Blue appeals his sentence of 102 months' imprisonment, imposed below the advisory guidelines range, after pleading guilty to one count of possessing with intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, Blue argues that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1(a) because his two prior convictions under section 893.13(1) of the Florida Statutes were not "controlled substance offenses" within the meaning of the career offender provision.  Blue argues that a prior conviction can only be a "controlled substance offense" if it is "substantially similar" to the federal drug trafficking definition. Unlike federal law, his convictions under section 893.13(1) did not have a mens rea element, so they could not be "controlled substance offenses."

We review *de novo* the district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1.  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).  A prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

A defendant is a career offender if, among other things, he has at least two prior felony convictions for a controlled substance offense.  U.S.S.G. § 4B1.1(a).  A "controlled substance offense"

2

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver, of cocaine as a second-degree felony. *See* Fla. Stat. § 893.13(1)(a)(1). Doing the same within 1000 feet of a school is a first-degree felony, and doing the same with marijuana within 1000 feet of a school is a second-degree felony. *See id.* § 893.13(1)(c)(1)–(2). First-degree felonies are punishable by up to 30 years' imprisonment, *id.* § 775.082(3)(b)(1); second-degree felonies are punishable by up to 15 years' imprisonment, *id.* § 775.082(3)(d).

We have previously determined that a conviction under section 893.13(1) is a "controlled substance offense" under § 4B1.2(b) in *United States v. Smith*, 775 F.3d 1262, 1267–68 (2014).

As Blue recognizes, his arguments are foreclosed by *Smith*. Here, Blue was properly sentenced as a career offender because his prior marijuana and cocaine convictions were offenses under state law, punishable by a term of imprisonment exceeding one year, and concerned the distribution or dispensing, or possession

with intent to distribute or dispense, of a controlled substance.  *See Smith*, 775 F.3d

at 1267–68; *see also* U.S.S.G. § 4B1.2(b).  We affirm.

**AFFIRMED.**