[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10010
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20014-WJZ-8


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUENTIN K. TRACY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 17, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Quentin Tracy appeals his sentence of 151 months' imprisonment, imposed at the low end of the advisory guidelines range, after pleading guilty to one count of possessing with intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1(a) because his prior convictions under section 893.13(1) of the Florida Statutes were not "controlled substance offenses" within the meaning of the career offender provision, as the Florida statute lacks the mens rea element of the generic offense. We reject Tracy's argument and affirm.

We review *de novo* the district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). A defendant is a career offender if, among other things, he has at least two prior felony convictions for a controlled substance offense. U.S.S.G. § 4B1.1(a). A "controlled substance offense"

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver, of cocaine as a second-degree felony. *See*

Fla. Stat. § 893.13(1)(a)(1).  Doing the same within 1000 feet of a church or convenience store is a first-degree felony.  *See id.* § 893.13(1)(e)(1).  Selling, manufacturing, delivering, or possessing with the intent to sell, manufacture, or deliver, marijuana is a third-degree felony.  *See id.* § 893.13(1)(a)(2).  First-degree felonies are punishable by up to 30 years' imprisonment, *id.* § 775.082(3)(b)(1); second-degree felonies are punishable by up to 15 years' imprisonment, *id.* § 775.082(3)(d); and third-degree felonies are punishable by up to 5 years' imprisonment, *id.* § 775.082(3)(e).

We have previously determined in *United States v. Smith*, 775 F.3d 1262, 1267-68 (2014), *cert. denied*, (U.S. June 8, 2015) (No. 14-9713), that a conviction under section 893.13(1) is a "controlled substance offense" under § 4B1.2(b).  A prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Tracy's arguments are foreclosed by *Smith*.[1]  The district court properly sentenced him as a career offender.

**AFFIRMED.**

---

[1]    Tracy cited to *Smith* in his brief, adopting the argument set forth in the Petition for Rehearing En Banc from that case.  In addition to the Supreme Court denying certiorari in *Smith*, this Court denied Rehearing En Banc on February 18, 2015.