[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10841
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cr-60193-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE LIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 12, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Lance Lide appeals his 96-month downward-variance sentence, which the district court imposed after Lide pleaded guilty to one count of distributing cocaine base and one count of distributing methylone, both in violation of 21 U.S.C. § 841(a)(1).  He contends that the district court erred in classifying him as a career offender based on his three prior drug convictions under Florida Statute § 893.13.  He also challenges the substantive reasonableness of his sentence.

The United States Sentencing Guidelines provide an increased base offense level and criminal history category for defendants classified as "career offenders."  See U.S.S.G. § 4B1.1.  A defendant qualifies as a career offender if (1) he was at least 18 years old when he committed the offense for which he is being sentenced; (2) that offense is a "crime of violence" or a "controlled substance offense," and (3) he has two or more prior felony convictions for "crime[s] of violence" or "controlled substance offense[s]."  Id. § 4B1.1(a).  We review de novo the district court's determination that a defendant is a career offender.  United States v. Whitson, 597 F.3d 1218, 1220 (11th Cir. 2010).

At sentencing, the district court determined that Lide was a career offender based on his three prior drug convictions under Florida Statute § 893.13.  Lide contends that those convictions do not qualify as controlled substance offenses because § 893.13 does not require any particular mens rea.  That argument is foreclosed by our decision in United States v. Smith, 775 F.3d 1262, 1268 (11th

Cir. 2014), in which we held that convictions under § 893.13 qualify as controlled substance offenses for guidelines purposes even though the statute does not include a mens rea requirement.  The district court was bound to follow our decision in Smith, and so are we.  See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.").

Lide also contends that his sentence is substantively unreasonable.  We review the reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Lide bears the burden of establishing that the district court sentenced him unreasonably in light of the record and the factors set forth in 18 U.S.C. § 3553(a).  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  The weight given to any particular sentencing factor is committed to the sound discretion of the district court.  United States v. Dougherty, 754 F.3d 1353, 1361–62 (11th Cir. 2014).

At sentencing, the district court properly determined that Lide's base offense level was 32 and his criminal history category was VI based on his status as a career offender.  After deducting three levels for acceptance of responsibility, the court correctly calculated Lide's guidelines range at 151 to 188 months.  The

3

district court varied downward and sentenced Lide to 96 months — a sentence well below the 20-year statutory maximum penalty for his convictions.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).

Lide nonetheless contends that the district court did not vary downward far enough.  He argues that the court failed to fully consider unwarranted sentencing disparities that may occur if defendants in other circuits are not sentenced as career offenders based on their § 893.13 convictions.  See 18 U.S.C. § 3553(a)(6) (providing that district courts should consider unwarranted sentencing disparities as one factor in the sentencing calculus).  We are not persuaded.

The court explicitly noted at sentencing that it had considered the factors set forth in § 3553(a) and Lide's arguments for a lower sentence.  See United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005) (the district court's explicit acknowledgement of the § 3553(a) factors and the defendant's arguments is sufficient to establish that the court did, in fact, consider them).  After considering the relevant factors, the court arrived at a sentence below the guidelines range and the statutory maximum, which we ordinarily expect to be reasonable.  See United States v. Asante, 782 F.3d 639, 648 (11th Cir. 2015) (Although "we will not automatically presume a sentence within the guidelines range is reasonable, [] we ordinarily expect a sentence within the guidelines range to be reasonable."); United States v. Dougherty, 754 F.3d 1353, 1362 (11th Cir. 2014) ("A sentence imposed

4

well below the statutory-maximum penalty is an indicator of a reasonable sentence.").  Based on this record, Lide has not met his burden of establishing that his sentence is unreasonable.

**AFFIRMED.**