[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17780
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60117-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY SWABY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 29, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Anthony Swaby appeals his 120-month, below-the-guideline-range sentence, after pleading guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). On appeal, Swaby argues that he was incorrectly classified and sentenced as a career offender. Swaby argues that his previous conviction under Fla. Stat. § 893.13(1), does not qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b) because the statute does not contain a mens rea element. Although he acknowledges that in *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), we held that § 893.13 qualifies as a controlled substance offense, he argues that *Smith* conflicts with several Supreme Court decisions.

We review constitutional sentencing challenges de novo, which includes the question of whether a defendant's prior convictions qualify as controlled substance offenses for purposes of U.S.S.G. § 4B1.2(b). *See Smith*, 775 F.3d at 1265. And "[w]e are bound by [our] prior panel decisions unless and until we overrule them while sitting en banc, or they are overruled by the Supreme Court." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). In other words, "[w]e are authorized to depart from a prior panel decision based upon an intervening Supreme Court decision only if that decision actually overruled or conflicted with it." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004) (internal quotation marks omitted).

2

Swaby relies on *Begay v. United* States, 553 U.S. 137, 128 S. Ct. 1581 (2008), *Elonis v. United States*, 575 U.S. ___, 135 S. Ct. 2001 (2015), and *McFadden v. United States*, 576 U.S. ___, 135 S. Ct. 2298 (2015) for the proposition that *Smith* has been overruled.  However we are not convinced that those cases overrule or conflict with *Smith*.  Therefore, because no Supreme Court or en banc decision has overruled the holding from *Smith*, the prior panel precedent rule bounds us to that holding.  *See Marte*, 356 F.3d at 1344.  We affirm Swaby's sentence.

**AFFIRMED.**