[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10284
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00085-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY JAMES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 17, 2017)

Before JORDAN, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Jeremy James appeals his 77-month sentence, imposed after pleading guilty to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, James objects to the district court's application of a base offense level enhancement pursuant to U.S.S.G. § 2K2.1, based in part on a 2003 state felony conviction for possession of a non-controlled substance with intent to distribute. James argues that the government did not prove by a preponderance of the evidence that his 2003 non-controlled substance conviction involved a "counterfeit substance" within the meaning of U.S.S.G. § 4B1.2(b) or that he had the requisite mental culpability to commit an offense involving a counterfeit substance. The government argues that James did not raise these objections below, they are subject to plain error review, and the district court did not plainly err.

I.

For arguments properly preserved in the district court, we review a district court's factual findings for clear error and application of the Sentencing Guidelines to those facts de novo. United States v. Barner, 572 F.3d 1239, 1247 (11th Cir. 2009). "When the appealing party does not clearly state the grounds for an objection in the district court, we are limited to reviewing for plain error." United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). To preserve an issue for appeal, a defendant must raise the issue in a clear enough manner "to inform the

2

district court of the legal basis for the objection." Id. at 819. The "objection must be sufficiently detailed to allow the trial court an opportunity to correct any arguable errors before an appeal is taken." United States v. Hoffer, 129 F.3d 1196, 1202 (11th Cir. 1997). Finally, "the defendant's failure to object to conclusory statements in the [Presentence Investigation Report ("PSI")] renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." United States v. Beckles, 565 F.3d 832, 843–44 (11th Cir. 2009).

## II.

The district court sentenced James under U.S.S.G. § 2K2.1(a)(2). Section 2K2.1(a)(2) provides a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The term "controlled substance offense" includes an offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." See U.S.S.G. § 4B1.2(b).

It is undisputed that James sustained one controlled substance conviction prior to the present offense. Regarding a second conviction for a "controlled

substance offense," James pled guilty to possession with intent to distribute a non-controlled substance under O.C.G.A. § 16-13-30.1(a)(1) in 2003.[1]  According to the PSI in this case, James's 2003 non-controlled substance conviction resulted from James attempting to sell a substance that he represented to be "crack" cocaine.  Officers later determined that the substance "was counterfeit."

In the district court, James did not object to any of the factual statements in the PSI, including the report's characterization of his non-controlled substance conviction as involving counterfeit "crack" cocaine.  Rather, James argued that his 2003 non-controlled substance conviction is not a "controlled substance offense" as defined in § 4B1.2(b) because it involved a non-controlled substance and was more than thirteen years old at the time that he was sentenced.  The district court concluded that James's 2003 non-controlled substance conviction constitutes a

---

[1] O.C.G.A. § 16-13-30.1(a)(1) provides:

> It is unlawful for any person knowingly to manufacture, deliver, distribute, dispense, possess with the intent to distribute, or sell a noncontrolled substance upon either:
>
> (A) The express or implied representation that the substance is a narcotic or nonnarcotic controlled substance;
>
> (B) The express or implied representation that the substance is of such nature or appearance that the recipient of said delivery will be able to distribute said substance as a controlled substance; or
>
> (C) The express or implied representation that the substance has essentially the same pharmacological action or effect as a controlled substance.

"controlled substance offense" under § 2K2.1(a)(2) and sentenced James based on a base offense level of 24.

### III.

James now claims that the prosecution presented insufficient evidence that the non-controlled substance that led to his 2003 conviction was a "counterfeit substance" for purposes of U.S.S.G. § 4B1.2(b).  James did not make this sufficiency of the evidence argument in the district court.  Nor did he object to the PSI's characterization of his conviction as involving counterfeit "crack" cocaine. Thus, the district court did not err, let alone plainly err, by accepting that fact as true, even in the absence of supporting evidence.  See Beckles, 565 F.3d at 843–44.

To the extent that James also argues that a non-controlled substance conviction cannot qualify as a "controlled substance offense," this argument fails. Under § 4B1.2(b), the term "controlled substance offense" includes offenses involving a "counterfeit substance."  See United States v. Frazier, 89 F.3d 1501, 1505 (11th Cir. 1996) (concluding that a conviction under a Florida statute that prohibited offering to sell a controlled substance and selling a non-controlled substance in lieu of the controlled substance constitutes a "controlled substance offense").  Thus, James's failure to object to the PSI's characterization of his non-controlled substance offense as involving counterfeit "crack" cocaine forecloses

5

any argument that his non-controlled substance conviction is not a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

Finally, section 4B1.2(b) does not require an element of <u>mens rea</u> regarding the illicit nature of the controlled substance.  <u>United States v. Smith</u>, 775 F.3d 1262, 1267 (11th Cir. 2014).  Thus, James's argument regarding proof of the mental culpability to commit a controlled substance offense is irrelevant. Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**