[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15227

_____

D.C. Docket No. 1:13-cr-20314-DLG-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TRAVIS LAMONT SMITH,

Defendant–Appellant.

_____

Nos. 13-15133; 14-10075

_____

D.C. Docket No. 9:13-cr-80117-KAM-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE G. NUNEZ,
a.k.a. Gordo,

Defendant–Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 22, 2014)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and WALTER,[*] District Judge.

WILLIAM PRYOR, Circuit Judge:

These consolidated appeals require us to decide whether the definitions of "serious drug offense" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense" under the Sentencing Guidelines, U.S.S.G. § 4B1.2(b) (Nov. 2013), include crimes that do not require an element of *mens rea* regarding the illicit nature of the controlled substance. Both Travis Lamont Smith and Jose G. Nunez have prior convictions for Florida drug crimes that have no element of *mens rea* with respect to the illicit nature of the drug. In separate proceedings, Smith and Nunez pleaded guilty to federal felony offenses and received enhanced sentences when the district courts ruled that their prior convictions were, respectively, "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense[s]," U.S.S.G. § 4B1.2(b). Because drug crimes without an element of *mens rea* can be "serious drug

---

[*] Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

2

offense[s]," 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense[s],"

U.S.S.G. § 4B1.2(b), we affirm Smith's and Nunez's sentences.

## I.    BACKGROUND

We divide the background in two parts. First, we discuss Smith's conviction

and sentencing. Second, we discuss Nunez's conviction and sentencing.

### A. Smith Is Convicted of Possession of a Firearm by a Convicted Felon and Sentenced as an "Armed Career Criminal."

A grand jury indicted Smith on one count of possession of a firearm by a

convicted felon, 18 U.S.C. §§ 922(g)(1), 924(e)(1). Smith later pleaded guilty to

that charge, and he signed a factual proffer that he "ha[d] been convicted of [four]

prior felony narcotics violations."

The presentence investigation report calculated Smith's guideline range as

151 to 188 months of imprisonment, U.S.S.G. ch. 5, pt. A, Sentencing Table, but

as an "armed career criminal," *id.* § 4B1.4(a), Smith faced a mandatory minimum

sentence of 180 months of imprisonment under the Armed Career Criminal Act of

1984, 18 U.S.C. § 924(e). The district court ruled that Smith's prior convictions for

possession of marijuana with intent to sell within 1,000 feet of a school or church,

Fla. Stat. § 893.13(1)(c)(2); sale of cocaine with intent to distribute, *id.*

§ 893.13(1)(a)(1); and possession of cocaine with intent to distribute, *id.*, were

"serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A)(ii), that qualified Smith as an

"armed career criminal," U.S.S.G. § 4B1.4(a).

Smith objected to the sentencing enhancement on the ground that it violated his rights under the Fifth and Sixth Amendments. He argued that the Fifth Amendment required that his prior convictions be alleged in his indictment and that the Sixth Amendment required either proof to a jury beyond a reasonable doubt or his admission that his prior convictions were "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A)(ii). The district court overruled Smith's objections and sentenced him to 180 months of imprisonment. After he filed a notice of appeal, Smith filed a motion to reconsider on the ground that his prior convictions did not qualify as serious drug offenses. The district court denied his motion.

### B. Nunez Is Convicted of Possession of a Firearm by a Convicted Felon and Sentenced as a "Career Offender."

A grand jury indicted Nunez on one count of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2); six counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Nunez pleaded guilty to one count of each of the charged crimes.

The presentence investigation report calculated Nunez's guideline range as 77 to 96 months of imprisonment, U.S.S.G. ch. 5, pt. A, Sentencing Table, but as a "career offender," id. § 4B1.1(a), his guideline range was increased to 262 to 327 months of imprisonment, id. § 4B1.1(c)(3). The district court ruled that Nunez's prior state convictions for possession of marijuana with intent to sell, Fla. Stat.

4

§ 893.13(1)(a)(2), and possession of cocaine with intent to sell, *id.*, were "controlled substance offense[s]," U.S.S.G. § 4B1.2(b), that qualified Nunez as a "career offender," *id.* § 4B1.1(a). The district court varied downward from the advisory guideline range and sentenced Nunez to 228 months of imprisonment. After Nunez filed a notice of appeal, he moved the district court to reconsider his sentence on the ground that his prior convictions were not "controlled substance offense[s]," *id.* § 4B1.2(b). The district court denied his motion.

## II.    STANDARD OF REVIEW

"We review [*de novo*] constitutional sentencing issues . . . ." *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).

## III.    DISCUSSION

The parties present two issues. First, Smith argues that the government violated his rights under the Fifth and Sixth Amendments because his prior convictions were not alleged in his indictment or specifically admitted by him. Second, Smith and Nunez argue that their prior convictions for Florida drug crimes do not qualify as "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A)(ii), and "controlled substance offense[s]," U.S.S.G. § 4B1.2(b). We address each argument in turn.

5

*A. The District Court Correctly Relied on Smith's Prior Convictions.*

Smith argues that the application of the mandatory minimum sentence, 18 U.S.C. § 924(e), violated his Fifth and Sixth Amendment rights. Smith argues that his prior convictions cannot be used to increase his maximum possible sentence or mandatory minimum sentence because his prior convictions were not alleged by indictment, U.S. Const. Amend. V, and he did not specifically admit that his prior convictions were serious drug offenses, U.S. Const. Amend. VI. Smith argues that the Supreme Court ruled in *Alleyne v. United States* that all facts that trigger mandatory minimum sentences—including the fact of a prior conviction—must be alleged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. __ U.S. __, 133 S. Ct. 2151, 2155 (2013).

Smith's arguments fail. "[N]either the Fifth Amendment nor the Sixth Amendment prevent[s] the district court from finding the fact of [Smith]'s prior convictions, or using them to designate him a[n Armed Career Criminal]." *United States v. Gibson*, 434 F.3d 1234, 1246 (11th Cir. 2006). Although it is ordinarily true that all elements of a crime must be alleged by indictment and either proved beyond a reasonable doubt or admitted by a defendant, there is an exception for prior convictions. *Almendarez-Torres v. United States*, 523 U.S. 224, 247, 118 S. Ct. 1219, 1232–33 (1998). The Constitution does not require that "[t]he government . . . allege in its indictment and . . . prove beyond a reasonable doubt

6

that [Smith] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *Gibson*, 434 F.3d at 1246 (internal quotation marks and citation omitted).

*Alleyne* did not overrule *Almendarez-Torres*, and the Fifth and Sixth Amendments do not limit the use of Smith's prior convictions. *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014). We acknowledged in *Harris* that there is "some tension" between *Almendarez-Torres* and *Alleyne*, but "we are bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *Id.* (internal quotation marks and citation omitted). The district court correctly used Smith's prior convictions to designate him an "armed career criminal." *Id.*

## B. Smith's Prior Convictions Are "Serious Drug Offenses," and Nunez's Prior Convictions Are "Controlled Substance Offenses."

As an initial matter, the parties disagree about whether an argument raised for the first time in a motion to reconsider a sentence is preserved for our review. The government argues that Smith and Nunez first raised their argument that their prior convictions were not "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense[s]," U.S.S.G. § 4B1.2(b), in their motions to reconsider their sentences. The government argues that, because Smith and Nunez filed notices of appeal before they filed motions to reconsider their sentences, the district courts did not have jurisdiction to grant the motions, and we should review

7

their sentences for plain error. Smith argues that he first raised this issue at his sentencing, and Smith and Nunez argue that, in any event, their motions to reconsider their sentences preserved their objections and our review should be *de novo*. Because we conclude that the district courts committed no error, we need not decide which standard of review governs this issue.

Smith and Nunez argue that their prior convictions for violations of section 893.13(1) of the Florida Statutes do not qualify as "serious drug offense[s]," 18 U.S.C. § 924(e)(2)(A), and "controlled substance offense[s]," U.S.S.G. § 4B1.2(b). Smith and Nunez rely on our decision in *Donawa v. United States Attorney General*, where we were asked to decide whether section 893.13(1)(a)(2) was a "drug trafficking aggravated felony" under the Immigration and Nationality Act of 1965, 8 U.S.C. § 1227(a). 735 F.3d 1275, 1278 (11th Cir. 2013). The Act provided that "drug trafficking crime[s]" were "aggravated felon[ies]," 8 U.S.C. § 1101(a)(43)(B), and the Act broadly defined "drug trafficking crime" as "any felony punishable under the Controlled Substances Act[,] 21 U.S.C. [§] 801 *et seq.*[,] the Controlled Substances Import and Export Act[,] 21 U.S.C. [§] 951 *et seq.*[,] or chapter 705 of title 46," 18 U.S.C. § 924(c). We ruled that the "federal analogue," 21 U.S.C. § 841(a)(1), to the Florida statute, Fla. Stat. § 893.13(1)(a)(2), supplied the elements of the "generic federal definition" of "drug trafficking crime." *Donawa*, 735 F.3d at 1280–81 (internal quotation marks

8

and citation omitted). We held that the Florida statute was not a "drug trafficking aggravated felony" because the federal analogue included an element of *mens rea* with respect to the illicit nature of the controlled substance and the Florida statute did not. *Id.* at 1281. Smith and Nunez argue that the "generic" federal definitions of "serious drug offense" and "controlled substance offense" include that same element of *mens rea* required by the definition of "drug trafficking aggravated felony."

Smith's and Nunez's arguments fail. We need not search for the elements of "generic" definitions of "serious drug offense" and "controlled substance offense" because these terms are defined by a federal statute and the Sentencing Guidelines, respectively. A "serious drug offense" is "an offense under State law," punishable by at least ten years of imprisonment, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). And a "controlled substance offense" is any offense under state law, punishable by more than one year of imprisonment, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

No element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied by either definition. We look to the plain

9

language of the definitions to determine their elements, *United States v. Duran*, 596 F.3d 1283, 1291 (11th Cir. 2010), and we presume that Congress and the Sentencing Commission "said what [they] meant and meant what [they] said," *United States v. Strickland*, 261 F.3d 1271, 1274 (11th Cir. 2001) (internal quotation marks and citation omitted); *see also United States v. Shannon*, 631 F.3d 1187, 1190 (11th Cir. 2011). The definitions require only that the predicate offense "involv[es]," 18 U.S.C. § 924(e)(2)(A)(ii), and "prohibit[s]," U.S.S.G. § 4B1.2(b), certain activities related to controlled substances.

Smith and Nunez argue that the presumption in favor of mental culpability and the rule of lenity, *Staples v. United States*, 511 U.S. 600, 606, 619, 114 S. Ct. 1793, 1797, 1804 (1994), require us to imply an element of *mens rea* in the federal definitions, but we disagree. The presumption in favor of mental culpability and the rule of lenity apply to sentencing enhancements only when the text of the statute or guideline is ambiguous. *United States v. Dean*, 517 F.3d 1224, 1229 (11th Cir. 2008); *United States v. Richardson*, 8 F.3d 769, 770 (11th Cir. 1993). The definitions of "serious drug offense," 18 U.S.C. § 924(e)(2)(A)(ii), and "controlled substance offense," U.S.S.G. § 4B1.2(b), are unambiguous.

Nunez also argues that our precedents require us to hold that section 893.13(1) is not a controlled substance offense, but his argument fails. Nunez argues that our holding in *Young v. United States* establishes that state crimes are

10

"controlled substance offense[s]," U.S.S.G. § 4B1.2(2) (Nov. 1988), only if they are "substantially similar" to federal drug trafficking crimes. 936 F.2d 533, 536–37 (11th Cir. 1991). Nunez maintains that, because we held in *Donawa* that section 893.13(1)(a)(2) is not a "drug trafficking crime," 735 F.3d at 1281, section 893.13(1) cannot be a controlled substance offense. But Nunez's reliance on *Young* is misplaced because the definition of "controlled substance offense" that we interpreted in *Young* is distinct from the definition at issue in this appeal. *Compare* U.S.S.G. § 4B1.2(2) (Nov. 1988), *with* U.S.S.G. § 4B1.2(b) (Nov. 2013). When we decided *Young*, "controlled substance offense" was defined as an enumerated list of federal drug trafficking crimes and "similar offenses." U.S.S.G. § 4B1.2(2) (Nov. 1988). But the definition of "controlled substance offense," in this appeal, does not reference drug trafficking or a class of "similar offenses." U.S.S.G. § 4B1.2(b) (Nov. 2013).

Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance. The district courts correctly sentenced Smith as an "armed career criminal," U.S.S.G. § 4B1.4(a), and Nunez as a "career offender," *id.* § 4B1.1(a).

11

## IV.    CONCLUSION

We **AFFIRM** Smith's and Nunez's sentences.