[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12589
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cr-60316-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY BLANC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2015)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kenny Blanc appeals his 180-month sentence, imposed below the guideline
range, after he was convicted of conspiring to commit Hobbs Act robbery, in
violation of 18 U.S.C. § 1951, and carrying a firearm during the commission of a

crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  On appeal, Blanc argues that his guidelines were miscalculated because the district court improperly concluded that he was a career offender under U.S.S.G. § 4B1.1.  After thorough review, we affirm.

We review <u>de novo</u> the district court's decision to classify a defendant as a career offender under § 4B1.1.  <u>United States v. Gibson</u>, 434 F.3d 1234, 1243 (11th Cir. 2006).  A prior panel's holding is binding precedent on all subsequent panels unless or until it is overruled while we are sitting en banc, or until the precedent is overruled by the Supreme Court.  <u>United States v. Jordan</u>, 635 F.3d 1181, 1189 (11th Cir. 2011).

A defendant is a career offender if, among other things, he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  This case involves prior convictions for a "controlled substance offense," which

> means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

<u>Id</u>. § 4B1.2(b).  Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver, of cocaine as a second-degree felony,

2

punishable for a prison term of up to 15 years.  See Fla. Stat. §§ 893.13(1), 775.082(3)(d).

We have previously decided that a prior conviction under § 893.13(1) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  United States v. Smith, 775 F.3d 1262, 1267-68 (11th Cir. 2014), cert. denied, 135 S. Ct. 2827 (2015).  In Smith, we rejected the argument that a predicate offense, as defined in § 4B1.2(b), requires mens rea, noting that neither Congress nor the Sentencing Commission had called for a mens rea requirement in the prior offenses.  Id. at 1267.

Here, the district court did not err in concluding that Blanc's prior convictions qualified as "controlled substance offenses" under § 4B1.2(b) and that, therefore, he qualified as a career offender.  See id. at 2165-68.  Despite Blanc's current objections, we've squarely held that a mens rea element is not required under § 4B1.2(b) to conclude that a prior conviction is a predicate offense.  See id. at 1267-68.  Nor have we incorrectly defined a "controlled substance offense," since the 1988 definition in § 4B1.2(b) was significantly distinct from the more recent definition used in calculating Blanc's guidelines.  See id. at 1267-68.

We are also unpersuaded by Blanc's reliance on McFadden v. United States, 135 S. Ct. 2298 (2015), and Elonis v. United States, 135 S. Ct. 2001 (2015).  In McFadden, the Supreme Court construed the language of the Controlled Substance Analogue statutes themselves.  See id. at 2304-05.  Similarly, while the Supreme

3

Court opined in <u>Elonis</u> that omission of mens rea from a criminal statute does not eliminate a mens rea requirement, <u>Elonis</u> dealt with a different category of criminal offenses and concerned the elements of proof necessary for a <u>conviction</u>. <u>See</u> <u>id</u>. at 2008-12. Notably, neither <u>McFadden</u> nor <u>Elonis</u> involved the construction of the sentencing guidelines in relation to predicate offenses where the prior conviction explicitly did not require a mens rea element. <u>See</u> Fla. Stat. § 893.13; U.S.S.G. § 4B1.2. Thus, neither this Court nor the Supreme Court has overturned <u>Smith</u>, and we affirm Blanc's sentence.

**AFFIRMED**.