[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12052
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-10028-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEYONBIE NASHAMBA HUMPHREY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 3, 2015)

Before HULL, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Keyonbie Nashamba Humphrey appeals his 120-month sentence, imposed below his advisory guidelines range,[1] after pleading guilty to a single count of possessing with intent to distribute 28 grams or more of cocaine base and a detectable amount of marijuana.

On appeal, Humphrey argues that the district court erred in determining that his two prior drug convictions under Fla. Stat. § 893.13(1) qualified him as a career offender under U.S.S.G. § 4B1.1(a).[2]  Although he concedes that this Court previously determined, in United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), cert. denied, 135 S. Ct. 2827 (2015), that a violation of Fla. Stat. § 893.13(1) qualifies as a "controlled substance offense" for purposes of the Sentencing Guidelines' career offender enhancement, Humphrey argues, for the purpose of preserving his appellate rights, that Smith was incorrect.[3]

We review de novo the district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1.  United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006).  This Court is "bound to follow a prior binding precedent

---

[1]Humphrey's offense level was 31, and his criminal history category was VI, yielding an advisory guidelines range of 188 to 235 months.

[2]One felony drug conviction was in 2004, and the other in 2007.  The government contended that Humphrey also had a third prior qualifying conviction, namely, his 2003 drug conviction, but that prior conviction is not at issue in this appeal.

[3]Humphrey actually argues that neither of his prior convictions should qualify as a "serious drug offense," but he is quoting language from the Armed Career Criminal Act, 18 U.S.C. § 924(e), which is not relevant in this case.  We presume Humphrey means to argue that neither of his prior convictions should qualify as a "controlled substance offense" under U.S.S.G. § 4B1.1(a).

unless and until it is overruled by this court en banc or by the Supreme Court."
United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotation
omitted).

A defendant is a career offender if, inter alia, he has at least two prior felony
convictions for a controlled substance offense. U.S.S.G. § 4B1.1(a). A "controlled
substance offense" is "an offense under federal or state law, punishable by
imprisonment for a term exceeding one year, that prohibits the manufacture,
import, export, distribution, or dispensing of a controlled substance (or a
counterfeit substance) or the possession of a controlled substance (or a counterfeit
substance) with intent to manufacture, import, export, distribute, or dispense." Id.
§ 4B1.2(b).

Under Florida law, it is a crime to "sell, manufacture, or deliver, or possess
with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat.
§ 893.13(1)(a). Where the offense involves cocaine, it is a second-degree felony
and carries a 15-year maximum term of imprisonment. Id. § 893.13(1)(a)(1),
cross-referencing id. §§ 775.082(3)(d), 893.03(2)(a)(4). In 2002, the Florida
legislature eliminated knowledge of the illicit nature of a substance as an element
of controlled substance offenses under Fla. Stat. § 893.13(1). Id. § 893.101(2).
Subsequently, this Court has determined that a prior conviction under Fla. Stat.
§ 893.13(1) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b) and,

3

therefore, qualifies as a predicate felony for the purposes of the career offender enhancement under U.S.S.G. § 4B1.1(a).  Smith, 775 F.3d at 1267-68.  "No element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied" in the Guidelines' definition of a controlled substance offense.  Id. at 1267.

The district court did not err in determining that Humphrey's prior convictions under Fla. Stat. § 893.13(1) were controlled substance offenses for purposes of the career offender enhancement.  See id. at 1267-68.  As Humphrey concedes, his argument on appeal is foreclosed by our decision in Smith.

**AFFIRMED.**