[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13555
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00014-RV-1

UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

versus

JUAN DEMETRIUS ALLEN,

                                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 9, 2018)

Before TJOFLAT, JILL PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Juan Allen appeals his total 117-month sentence after pleading guilty to two counts of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession of a controlled substance with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).  He argues his sentence was procedurally unreasonable because the District Court assessed a two-level enhancement for possessing between three and seven firearms when the evidence used to support this enhancement was inconclusive.   He also argues that his base offense level was incorrect because a conviction under Fla. Stat. § 893.13, is not a "controlled substance offense" according to U.S.S.G. § 4B1.2(b), an argument he concedes is foreclosed by Circuit precedent.

## I.

We use a two-step process to review a sentence's reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  First, we must confirm that the district court committed no significant procedural error.  *Id.*  A sentence is procedurally erroneous if a district court commits an error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ."  *Id.*  After reviewing for procedural reasonableness, we consider the substantive

2

reasonableness of a sentence under the deferential abuse-of-discretion standard. *Id.* We review a district court's factual findings for clear error. *United States v. Tejas*, 868 F.3d 1242, 1244 (11th Cir. 2017). "For factual findings to be clearly erroneous, we must be left with a definite and firm conviction that the court made a mistake." *Id.* A defendant receives a two-level increase if the offense involved between three and seven firearms. § 2K2.1(b)(1)(A). Where a defendant challenges the factual basis of his sentence as set forth in the presentence investigation report, the Government has the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Bradley*, 644 F.3d 1213, 1283 (11th Cir. 2011).

Here, the District Court did not clearly err in finding by a preponderance of the evidence that Allen possessed between three and seven firearms; thus, the Court thus did not err in applying the § 2K2.1(b)(1)(A) enhancement. The Court concluded that Allen at one time possessed at least three different guns (in addition to the two guns seized after Allen's arrest) featured in images on Allen's phone. A reasonable factfinder had considerable evidence upon which to rest this inference. An ATF agent testified that all of the images were taken using the same phone model as Allen's. The background in one image showed a "4Runner" car mat, and the agent testified that Allen rented a Toyota 4Runner on the same day the image was taken. The agent further testified that the fabric covering the seats in several

3

other photos matched the distinct design pattern of the seat fabric in the car Allen possessed at the time he was arrested.  And at least two of the guns were photographed alongside one of the guns seized from Allen after his arrest.  While none of this evidence established conclusively that Allen took the photos, they support the reasonable inference that he did, and that he possessed the firearms in the photos.  Hence, the District Court did not clearly err.

On this record, the District Court's conclusion that Allen possessed between three and seven firearms does not elicit "a definite and firm conviction" that the Court rested its factual findings on insufficient evidence.  Therefore, the Court did not clearly err.

## II.

The definition of a controlled substance offense under U.S.S.G. § 2K2.1 is found in U.S.S.G. § 4B1.2, which states

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance…or the possession of a controlled substance…with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2K2.1, comment. (n.1), U.S.S.G. § 4B1.2(b).  In relevant part, Fla. Stat. § 893.13(1)(a) states "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. §893.13(1)(a).  Knowledge of the illicit nature of the substance is not an element of

the offense.  Fla. Stat. § 893.101.  Allen correctly concedes that our precedent clearly holds that a conviction under Fla. Stat. § 893.13 is a controlled substance offense.  *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 215 (2017); *United States v. Smith*, 775 F3d 1262, 1268 (11th Cir. 2014). In *Pridgeon* and *Smith,* we held, for purposes of the career offender increase, U.S.S.G. § 4B1.1, that a conviction under Fla. Stat. § 893.13 qualifies as a "controlled substance offense." *Id*.  Allen preserved this objection pending resolution of the *certiorari* petition to the Supreme Court in *Pridgeon*, which has since been denied.  Accordingly, our precedent forecloses this objection.

**AFFIRMED.**