[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10652
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00161-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAVIS WILSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2018)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Javis Wilson appeals the enhancement of his sentence under the Armed

Career Criminal Act ("ACCA") and the Sentencing Guidelines. Because his

arguments about his sentence either fail or are barred by his valid appeal waiver, we affirm.

After Wilson sold firearms to undercover agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives, he was indicted on three counts of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). He agreed to plead guilty to one count. Wilson's written plea agreement contained a waiver of his right to appeal. However, the waiver contained four exceptions, including exceptions for appeals on the grounds that the sentence exceeds the Guidelines range as determined by the court, or that the sentence exceeds the statutory maximum.

At his change-of-plea hearing, the magistrate judge questioned Wilson about the plea agreement and specifically questioned him about the appeal waiver. When the magistrate judge asked whether Wilson understood he was limiting his right to appeal his sentence, Wilson's reply was later transcribed as "Inaudible." The magistrate judge found that Wilson's guilty plea was knowing and voluntary, and the district court accepted his guilty plea.

Under the Guidelines, Wilson's total offense level was 33 and his criminal history category was VI, resulting in an advisory sentencing range of 235 to 293 months. Under ACCA, however, § 922(g) offenders with "three previous convictions . . . for . . . a serious drug offense" are subject to a statutory minimum

sentence of 15 years. 18 U.S.C. § 924(e)(1).[1] At his sentencing hearing, Wilson objected to, among other things, the finding of the district court that he had three ACCA-predicate "serious drug offense" convictions. In particular, he asserted that his recollection was that one of the three convictions—a 2001 Florida conviction for delivery of cocaine—had been reduced to a possession charge. He conceded, however, that he had no evidence to contradict the state court documents the government was relying upon. The district court overruled the objection, finding that Wilson had been convicted of delivery of cocaine.

Wilson also objected to the 4-level enhancement applied for possessing at least eight firearms, U.S.S.G. § 2K2.1(b)(1)(B), arguing that although he may have brokered several gun sales, he had only personally supplied three firearms. The district court overruled that objection and others and imposed a sentence of 220 months. Wilson now appeals, raising two issues about his sentence.

First, Wilson argues that his 2001 Florida conviction for delivery of cocaine should not count as an ACCA-predicate "serious drug offense" because "the judgment reflects no statute of conviction." Wilson did not raise this particular issue in the district court, so we review only for plain error.[2] *United States v.*

---

[1] Without an ACCA designation, Wilson would have faced a statutory maximum sentence of 10 years. 18 U.S.C. § 924(a)(2).

[2] This argument is not barred by Wilson's appeal waiver, since he is arguing that his sentence exceeds the statutory maximum to which he maintains he is entitled.

*Jones*, 743 F.3d 826, 828 (11th Cir. 2014). We find that Wilson has not established any error, much less plain error.

Wilson observes that the document of criminal judgment upon which the district court relied says he violated "Florida Statutes §893.13 1A (2000)," which he argues does not exist. In view of the entire record, we do not agree. The district court also had before it, and was entitled to consider, the charging document for the offense. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). That document lists the statute as "F.S. 893.13(1)(a)" and the charges under that statute, including "delivery of cocaine," agree with what the judgment document says. Thus, there is no real question about the statute of conviction: chapter 893.13(1)(a) of the Florida Statutes. Under that statute, cocaine delivery offenses are second-degree felonies subject to up to 15 years' imprisonment. *See* Fla. Stat. §§ 893.03(2)(a) & 775.082(3)(d). We have previously held that distribution convictions under this Florida statute that are punishable by at least 10 years' imprisonment are ACCA-predicate "serious drug offenses." *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014) (citing 18 U.S.C. § 924(e)(2)(A)(ii)). The district court thus did not err in finding this conviction to be an ACCA predicate.

Second, Wilson argues that the district court's finding to support an enhancement for at least eight firearms under U.S.S.G. § 2K2.1(b)(1)(B) was clearly erroneous. This argument, unlike his first, is barred by his appeal waiver.

4

We review the validity of an appeal waiver de novo. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). At his change-of-plea hearing, Wilson said (or mumbled) that he understood the terms of the agreement, including its limited exceptions and its sentencing consequences. Wilson argues that his responses transcribed as "(Inaudible)" do not indicate understanding. But our precedent on enforcing appeal waivers requires only that either "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. At the very least, the former was satisfied here by the magistrate judge's thorough questioning and apparent satisfaction with Wilson's responses. The appeal waiver is valid as to this issue, and it prevents us from considering it further.

     **AFFIRMED.**