[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11005
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20907-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELACE POLIARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2020)

Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Celace Poliard appeals his conviction and 180-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[*] No reversible error has been shown; we affirm.

On appeal, Poliard argues that section 922(g)(1) is unconstitutional both on its face and as applied to him. Poliard also challenges the constitutionality of his sentence, which was enhanced pursuant to the Armed Career Criminal Act ("ACCA"). Because Poliard raises these arguments for the first time on appeal, we review only for plain error. See United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005).

Poliard first contends that section 922(g)(1) violates the Commerce Clause. As Poliard concedes, his facial challenge under the Commerce Clause is foreclosed by our binding precedent. "We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement." United States v. Jordan,

---

[*] Poliard also pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Poliard raises no challenge on appeal to these convictions or to the sentences imposed for these counts of conviction.

635 F.3d 1181, 1189 (11th Cir. 2011).  We also reject Poliard's argument that section 922(g)(1) is unconstitutional as applied to him because -- as Poliard has stipulated -- the guns that Poliard possessed in Florida were manufactured outside of Florida and, thus, had traveled in interstate commerce.  See United States v. Wright, 607 F.3d 708, 715-16 (11th Cir. 2010) (noting that section 922(g) "only requires that the government prove some 'minimal nexus' to interstate commerce, which it may accomplish by 'demonstrat[ing] that the firearm possessed traveled in interstate commerce'").

Poliard next challenges section 922(g)(1) under the Tenth Amendment.  As Poliard acknowledges in his appellate brief, this argument is also foreclosed by binding precedent.  See Hiley v. Barrett, 155 F.3d 1276, 1277 (11th Cir. 1998) (adopting the reasoning of the district court in Nat'l Ass'n of Gov't Emps., Inc. v. Barrett, 968 F. Supp. 1564, 1577-78 (N.D. Ga. 1997) ("Because § 922(g)(9) is a valid exercise of Congress' commerce authority, it cannot violate the Tenth Amendment.")); see also Cheffer v. Reno, 55 F.3d 1517, 1521 & n.7 (11th Cir. 1995) (concluding that no Tenth Amendment violation occurs when legislation falls within Congress' Commerce Clause power).

Poliard next contends that his ACCA-enhanced sentence violates the Fifth and Sixth Amendments because his prior convictions were not charged in the

3

indictment or admitted to at the change-of-plea hearing.  The Supreme Court has held, however, that a prior conviction used to enhance a sentence need not be alleged in the indictment or proved to a jury beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).  We have also rejected previously the constitutional argument raised by Poliard, concluding that "neither the Fifth nor the Sixth Amendment prevents the district court from finding the fact of [a defendant's] prior convictions, or using them to designate him an Armed Career Criminal."  See United States v. Smith, 775 F.3d 1262, 1266 (11th Cir. 2014) (alterations omitted) (citing Almendarez-Torres).

Because Poliard has demonstrated no error -- plain or otherwise -- we affirm.

AFFIRMED.