[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10580
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80208-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY HORACE GIVINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 5, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Henry Givins appeals his 120-month sentence for possession with intent to distribute cocaine and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He argues that the District Court erred in sentencing him as a career offender under § 4B1.1(a) of the U.S. Sentencing Guidelines based on his two Florida convictions for sale of cocaine and his Florida conviction for possession of cocaine with intent to sell. He claims that these offenses do not qualify as predicate "controlled substance offense[s]" within the meaning of U.S.S.G. § 4B1.2(b) because Florida law does not contain a *mens rea* element regarding the illicit nature of the controlled substance.

We review *de novo* a district court's interpretation and application of the Sentencing Guidelines, including its decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). We also review *de novo* whether a defendant's prior conviction qualifies as a "controlled substance offense" under the Sentencing Guidelines. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017). We must follow a prior binding precedent unless and until it is overruled by this Court sitting en banc or the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Section 4B1.1 of the Sentencing Guidelines provides that a defendant is a career offender if he was at least eighteen years old when he committed the instant

2

offense of conviction, the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  It defines a "controlled substance offense" as an offense under federal or state law that is punishable by a term of imprisonment greater than one year and that prohibits, among other things, the distribution of a controlled substance or the possession of a controlled substance with intent to distribute.  *Id.* § 4B1.2(b).

In *United States v. Smith*, we rejected the argument that an offense under Fla. Stat. § 893.13(1) for possession of a controlled substance with intent to sell was not a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b) because it lacked a *mens rea* element and therefore did not meet the generic definition of a controlled substance offense.  775 F.3d 1262, 1267 (11th Cir. 2014).  We reasoned that it was unnecessary to look for the elements of a generic definition of a "controlled substance offense" because that term is defined in the Guidelines, and the Guidelines definition does not require, either explicitly or implicitly, that a predicate state offense include an element of *mens rea* with respect to the illicit nature of the controlled substance.  *Id.* at 1267–68.  The Guidelines definition merely requires that the predicate offense "prohibit[]" certain conduct relating to controlled substances, including, among other things, the

3

possession of a controlled substance with the intent to distribute. *Id.* at 1267. Since Fla. Stat. § 893.13(1) prohibited that conduct, we concluded that Fla. Stat. § 893.13(1) was a controlled substance offense under § 4B1.2(b). *Id.* at 1267–68.

Givins acknowledges that his argument—that his Florida drug offenses do not qualify as predicate offenses because of the lack of a *mens rea* element regarding the illicit nature of the substance—is foreclosed by our precedent in *Smith*. Based on our binding precedent in *Smith*, the District Court did not err in sentencing Givins as a career offender because his Florida drug offenses qualify as "controlled substance offense[s]" under U.S.S.G. § 4B1.2(b). Accordingly, we affirm.

**AFFIRMED.**