[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10896
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80161-RKA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KASHUS DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2020)

Before NEWSOM, ANDERSON, and ED CARNES, Circuit Judges.

PER CURIAM:

Kashus Davis pleaded guilty to being a felon in possession of a firearm.  See

18 U.S.C. § 922(g).  He appeals his sentence, contending that the district court

erroneously ruled that he qualified for a sentence enhancement under the Armed

Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Davis argues that his prior convictions under Florida Statutes § 893.13(1) are not predicate "serious drug offense[s]" for purposes of the ACCA because the Florida statute "does not require an element of <u>mens rea</u> regarding the illicit nature of the controlled substance."

Prior panel precedent forecloses Davis' argument.  We held in <u>Smith</u> that Florida Statutes § 893.13(1) is a "serious drug offense" for purposes of the ACCA. <u>United States v. Smith</u>, 775 F.3d 1262, 1268 (11th Cir. 2014).  We also held that a "serious drug offense" need not include an element of mens rea regarding the illicit nature of the controlled substance.  <u>Id.</u> at 1267–68.

We remain bound by <u>Smith</u> unless and until it is overruled by either the Supreme Court or us en banc.  <u>See</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  Because that has not happened, we affirm Davis' sentence.

**AFFIRMED.**