[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10125
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cr-60229-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAVORIS CLAYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 16, 2020)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kavoris Clayton appeals his 120-month sentence imposed after he pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He also had prior Florida felony convictions for attempted robbery and delivery of cocaine. The district court sentenced him as a career offender, finding that his prior Florida convictions were predicate offenses for career offender classification.

A defendant is a career offender under the Sentencing Guidelines if (1) he was at least 18 years old when he committed the current offense; (2) the current offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Under the Guidelines, a "controlled substance offense" is an offense that is a felony and "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

The Sentencing Guidelines do not state that a "controlled substance offense" must require that the defendant knows the illicit nature of the substance. *Id.* Clayton argues, however, that the Guidelines impliedly include such a mens rea requirement. And because Fla. Stat. § 893.13, under which he was previously convicted for delivery of cocaine, does not require mens rea of the nature of the

2

controlled substance, Clayton argues that his conviction under that statute is not a controlled substance offense. Thus, following his line of argument, the conviction would not be a career offender predicate offense under the Sentencing Guidelines. Yet, as he concedes, this argument is foreclosed by our precedent—namely, our decision in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014).

We are bound by our prior panel decisions unless we overrule them sitting en banc, or the Supreme Court does so. *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). Our decision in *Smith*—holding that Fla. Stat. § 893.13 is a career offender predicate offense—remains binding in this circuit. 775 F.3d at 1268. Therefore, the district court correctly sentenced Clayton as a career offender.

**AFFIRMED.**