[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10307
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cr-00099-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLESTON PIERRE WIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 13, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Charleston Wiggins appeals his 76-month sentence that was imposed after he was convicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

On appeal, Wiggins argues that the district court erred in relying on *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), to find that his conviction under Fla. Stat. § 893.13 qualified as a controlled substance offense under the Sentencing Guidelines.  Wiggins claims that the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020), abrogated our holding in *Smith*.  Additionally, Wiggins claims that Fla. Stat. § 893.13 is broader than the Guidelines' definition of a controlled substance offense because it does not include a mens rea requirement as to the illicit nature of the controlled substance and it applies to both attempted and fully completed controlled substance crimes.

## I.

We review de novo whether a prior conviction qualifies as a controlled substance offense under the Sentencing Guidelines.  *United States v. Bishop*, 940 F.3d 1242, 1253 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 1274 (2020).

The Guidelines provide that a base offense level of 20 applies to a defendant who commits any part of a firearms offense after "sustaining one felony conviction

2

of either a crime of violence or a controlled substance offense." U.S.S.G.

§ 2K2.1(a)(4)(A). A "controlled substance offense" is an offense "under federal or

state law, punishable by imprisonment for a term exceeding one year, that prohibits

the manufacture, import, export, distribution, or dispensing of a controlled

substance . . . or the possession of a controlled substance . . . with intent to

manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). The

commentary to § 4B1.2 states that an attempt to commit a controlled substance

offense is a qualifying predicate offense. *Id.* § 4B1.2, cmt. 1. This commentary is

a binding interpretation of the term "controlled substance offense." *United States*

*v. Lange*, 862 F.3d 1290, 1294 (11th Cir. 2017).

In *Smith*, we held that Fla. Stat. § 893.13 is categorically a "controlled

substance offense" under § 4B1.2(b) and a "serious drug offense" under the Armed

Career Criminals Act (ACCA), 18 U.S.C. § 924(e)(2)(A)(ii). 775 F.3d at 1268. In

relevant part, Fla. Stat. § 893.13 provides that a person "may not sell, manufacture,

or deliver, or possess with intent to sell, manufacture, or deliver, a controlled

substance." Fla. Stat. § 893.13(1)(a). We found in *Smith* that neither the definition

of "serious drug offense" under the ACCA nor "controlled substance offense"

under the Guidelines require "that a predicate state offense include an element of

*mens rea* with respect to the illicit nature of the controlled substance." 775 F.3d at

1268; *see also United States v. Pridgeon*, 853 F.3d 1192, 1200 (11th Cir. 2017)

3

(rejecting the argument that *Smith* was wrongly decided because Fla. Stat. § 893.13 does not include a mens rea element as to the illicit nature of the controlled substance); *Bishop*, 940 F.3d at 1254 (same).

In *Shular*, the Supreme Court affirmed the Eleventh Circuit's holding that Fla. Stat. § 893.13 qualifies as a "serious drug offense" under the ACCA. 140 S. Ct. at 782. In that case, Eddie Shular appealed his sentence, arguing that the district court erred in determining that his prior conviction under Fla. Stat. § 893.13 qualified as a predicate ACCA felony. *Id.* Shular claimed that *Smith* was wrongly decided and that "the court must first identify the elements of the 'generic' offense [named in the ACCA], then ask whether the elements of the state offense match those of the generic crime." *Id.* And similar to Wiggins' argument in this case, Shular said that because Fla. Stat. § 893.13 did not include a mens rea requirement it did "not match the generic offenses in" the ACCA. *Id.* The Eleventh Circuit relied on *Smith* and the prior precedent rule to affirm the district court's sentence. On appeal, the Supreme Court ultimately affirmed, finding that the ACCA "'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." *Id.*

"Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme

4

Court." *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam). "To constitute an 'overruling' for the purposes of the prior panel precedent rule, a Supreme Court decision 'must be clearly on point.'" *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). Additionally, the Supreme Court decision must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

## II.

The district court did not err in sentencing Wiggins. First, *Shular* did not overrule or abrogate our holding in *Smith*. 140 S. Ct. at 782. In fact, the Court affirmed our decision, which we based on *Smith*.[1] Because *Smith* has not been abrogated, we are bound to hold that Fla. Stat. § 893.13 is a controlled substance offense under U.S.S.G. § 4B1.2(b). *See Romo-Villalobos*, 674 F.3d at 1251. Second, we are bound by the commentary to § 4B1.2, which says that an attempt to commit a controlled substance offense qualifies as a predicate felony under the Guidelines. *See Lange*, 862 F.3d at 1294. Accordingly, we affirm Wiggins' 76-month sentence under 18 U.S.C. §§ 922(g)(1), 924(a)(2).

**AFFIRMED.**

---

[1] While the Supreme Court did not rely on *Smith* in its own analysis, it recognized that we relied on *Smith* in affirming Shular's sentence. *Id.* at 784.