[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12119

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DIAMANTE STOVEALL,
a.k.a. Diamante K. Stoveall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60024-WPD-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Diamante Stoveall appeals his sentence imposed after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Stoveall asserts his prior felony conviction under Florida Statutes § 893.13 for possession with intent to distribute marijuana is not a controlled substance offense under § 4B1.2(b) of the Sentencing Guidelines because the statute lacked an element of *mens rea* to secure a conviction, and therefore his base offense level should have been 20 instead of 22.  After review,[1] we affirm.

The Guidelines define a "controlled substance offense" as an offense under federal or state law, punishable by more than one year of imprisonment, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or possession of a controlled substance, with intent to manufacture, import, export, distribute, or dispense.  U.S.S.G. § 4B1.2(b). Pursuant to the Guidelines, a conviction for illegally possessing a firearm carries a base offense level of 22 if, as relevant, the defendant had previously been convicted of a crime of violence or a controlled

---

[1] We review *de novo* whether a prior conviction is a controlled substance offense under U.S.S.G. § 4B1.2(b).  *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

substance offense. *Id.* § 2K2.1(a)(3). Absent the qualifying predicate felony, the base offense level is 20. *Id.* § 2K2.1(a)(4)(B).

Under Florida law, "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). In *Travis Smith*, we held the definition of "controlled substance offense" under U.S.S.G. § 4B1.2(b) did not require "that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance." *United States v. Travis Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014). Thus, we held convictions under Fla. Stat. § 893.13 qualified as a "controlled substance offense" under § 4B1.2(b). *Id.* at 1268. While Stoveall acknowledges our decision in *Travis Smith*, he contends the decision has been limited by the Supreme Court's decision in *Shular v. United States*, 140 S. Ct. 779 (2020).

In *Shular*, the Supreme Court affirmed this Court's holding that a conviction for selling cocaine under Fla. Stat. § 893.13 was a "serious drug offense" as defined under 18 U.S.C. § 924(e)(2)(A). 140 S. Ct. at 784. The Supreme Court concluded the "serious drug offense" definition "requires only that the state offense involve the conduct specified" under 18 U.S.C. § 924(e)(2)(A)(ii)—specifically, "manufacturing, distribution, or possessing with intent to distribute, a controlled substance"—but it did not require a "comparison to a generic offense." *Id.* at 782.

Post-*Shular*, this Court has held the Supreme Court's decision in *Shular* did not overrule *Travis Smith*. *See United States v.*

*Xavier Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020). In holding "that a court determining whether an offense qualifies as a serious drug offense need only consider whether the offense's elements 'necessarily entail' the types of conduct in the ACCA's definition," the *Shular* court affirmed the decision in "Shular's case which relied on [*Travis*] *Smith*, that a prior conviction under Fla. Stat. § 893.13 qualifies as serious drug offense under the ACCA." *Id.* The Supreme Court also noted "the petitioner in *Shular* had overstated Florida's disregard for *mens rea*, because a defendant charged under Fla. Stat. § 893.13(1)(a) who was unaware of the substance's illicit nature can raise that unawareness as an affirmative defense, in which case the standard jury instructions require a finding of knowledge beyond a reasonable doubt." *Id.* (quotation marks and alteration omitted).

Stoveall's argument that a *mens rea* is required for a crime to constitute a "controlled substance offense" under § 4B1.2(b) of the Sentencing Guidelines is foreclosed by our precedent in *Travis Smith*. *See United States v. Cruickshank*, 837 F.3d 1182, 1187 (11th Cir. 2016) (explaining under the prior panel precedent rule, we are bound by our binding precedent "unless and until it is overruled by us sitting en banc or by the Supreme Court"). Thus, the district court did not err in applying a base offense level of 22 under § 2K2.1(a)(3) because it correctly followed our holding in *Travis Smith* that a conviction under § 893.13 is a controlled substance

21-12119                Opinion of the Court                          5

offense even though it does not include an element of *mens rea*.[2] Accordingly, we affirm Stoveall's sentence.

**AFFIRMED.**

---

[2] This Court's recent decision in *United States v. Jackson*, __ F.3d. __, 2022 WL 2080280 (11th Cir. June 10, 2022) does not affect the disposition of this appeal because Stoveall's conviction under Fla. Stat. § 893.13 was for possession with intent to distribute marijuana. The reasoning in *Jackson* was limited to Schedule II controlled substances, while marijuana is a Schedule I controlled substance. *Id.* at *5-*7.