[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-12995

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARVAS AURELIEN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00081-GKS-DCI-1

————————————————

Before LUCK, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Marvas Aurelien appeals his sixty-three-month sentence for possessing a firearm as a convicted felon. He argues that the district court erred in applying a higher base offense level for previously having been convicted of a controlled substance offense. Aurelien contends that his 2017 Florida conviction for possessing marijuana with the intent to sell was not a controlled substance offense. We disagree and affirm.

In March 2019, local law enforcement officers in the Orlando area arrested Aurelien on an active warrant for aggravated assault with a firearm. During the arrest, officers found a loaded semi-automatic handgun in Aurelien's front pocket. The handgun had been stolen two years earlier.

Aurelien had prior felony convictions for grand theft (five of them), possession of alprazolam, possession of marijuana, and possession of marijuana with the intent to sell. So the grand jury indicted him for possessing the handgun and ammunition as a convicted felon, in violation of 18 U.S.C. section 922(g)(1). Aurelian pleaded guilty without a plea agreement.

The probation office prepared a presentence investigation report. The report used a base offense level of twenty because Aurelien possessed the firearm and ammunition "subsequent to sustaining one felony conviction of either a crime of violence or a

controlled substance office." Aurelien, the report continued, had a 2017 Florida conviction for possessing marijuana with the intent to sell, which was a controlled substance offense. The report then added two levels because the handgun was stolen and subtracted three levels because Aurelien clearly demonstrated and timely accepted responsibility. With a total offense level of nineteen, and a criminal history category of VI, the report calculated Aurelien's guideline range as sixty-three to seventy-eight months' imprisonment.

Aurelien objected to the part of the presentence investigation report setting his base offense level as twenty. He should not have been assigned the higher base offense level because his 2017 Florida conviction for possessing marijuana with the intent to sell was not a "controlled substance offense" under the guidelines. Controlled substance offenses under the guidelines are "limited to federally controlled substances under the Controlled Substances Act" and his "state conviction for a hemp-based offense was not" for a federally controlled substance.

At his sentencing hearing, Aurelien explained that, in 2017, Florida defined marijuana broadly to include hemp. So, under the categorial approach, the court had to presume that his conviction was for the "least culpable conduct"—the "possession of hemp, with intent to sell or deliver." But, since 2017, Congress and Florida have changed their controlled substance statutes to "exclude hemp." "Thus," Aurelien argued, "hemp is not a controlled substance today in either federal or Florida courts and a hemp-based

offense is not a controlled substance offense under the guidelines . . . ." "[A] controlled substance offense in the guidelines," Aurelien concluded, "is defined by reference to the [f]ederal Controlled Substance Act schedule . . . ."

The district court overruled Aurelien's objection based on *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014) and *United States v. Pridgeon*, 853 F.3d 1192 (11th Cir. 2017). After considering the 18 U.S.C. section 3553(a) factors, the district court sentenced Aurelien to the low end of his guideline range—sixty-three months' imprisonment. Aurelien timely appealed.

Typically, a defendant (like Aurelien) convicted of possessing a handgun and ammunition as a felon would be assigned a base offense level of fourteen. *See* U.S.S.G. § 2K2.1(a)(6)(A) (explaining that the base offense level is fourteen "if the defendant . . . was a prohibited person at the time the defendant committed the instant offense"). But, if the defendant possessed the handgun and ammunition "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," the base offense level pops up to twenty. *Id.* § 2K2.1(a)(4)(A). The district court applied the higher base offense level to Aurelien because, it concluded, his 2017 Florida conviction for possessing marijuana with the intent to sell was a controlled substance offense.

Aurelien argues that the district court erred in applying the higher base offense level. His 2017 Florida conviction, he contends, was not a "controlled substance offense" under the guidelines, so

he should have had a lower base offense level, a lower guideline range, and lower sentence.[1]

But, twice, we've held that Florida convictions for possessing marijuana with the intent to sell are controlled substance offenses under the guidelines. In *Smith*, as here, the defendants had prior Florida convictions for "possession of marijuana with intent to sell within 1,000 feet of a school or church" and "possession of marijuana with the intent to sell." 775 F.3d at 1264–65. They argued, as Aurelien does, "that their prior convictions for Florida drug crimes d[id] not qualify as . . . 'controlled substance offense[s].'" *Id.* at 1265 (second alteration in original) (citation omitted). We held that the Florida drug crime statute—the same one Aurelien violated—was "a 'controlled substance offense'" under the guidelines. *Id.* at 1268 (quotation omitted).

The defendant in *Pridgeon* also made the same argument. There, as in *Smith*, the defendant had a prior Florida conviction for "possession of a controlled substance with intent to sell." 853 F.3d at 1196. The defendant "argued," as the *Smith* defendants did, "that his 2006 drug convictions did not qualify as predicate 'controlled substance offenses.'" *Id.*; *see also id.* (the defendant "reiterated his objections . . . arguing that his Florida drug convictions do not qualify as predicate offenses"). Following *Smith*, we

---

[1] We review de novo whether a previous conviction qualifies as a controlled substance offense under the sentencing guidelines. *United States v. Bates*, 960 F.3d 1278, 1293 (11th Cir. 2020).

"conclude[d] that" the defendant's Florida drug convictions "qualif[ied] as predicate 'controlled substance offenses'" under the guidelines. *Id.* at 1198.

Normally, that would be the end of it. *Smith* and *Pridgeon* hold that Aurelien's prior conviction for possessing marijuana with the intent to sell is a controlled substance offense under the guidelines. So, the district court didn't err in applying the higher base offense level.

But, Aurelien argues, that's not the end of it because the law has changed since *Smith* and *Pridgeon*. Congress has amended the Controlled Substances Act to exclude hemp. And, under the categorical approach, we must assume that Aurelien's prior conviction was for the least culpable conduct—that he possessed hemp with the intent to sell—because the Florida drug statute included hemp in 2017. Comparing Aurelien's 2017 hemp conviction to the current version of the federal Controlled Substances Act, Aurelien's conviction is overbroad and, thus, is not categorically a controlled substance offense under the guideline. *Compare* 21 U.S.C. §§ 802(16)(B)(i)–(ii) (excluding hemp and "mature stalks" from the federal definition of marijuana), *with* Fla. Stat. §§ 891.13(1)(a)2, 891.02(3) (2017) (criminalizing possession with intent to distribute any part of the marijuana plant).

There's a problem, though, with Aurelien's argument: it assumes that we determine whether a prior state drug conviction is a "controlled substance offense" under the guidelines by comparing it to the federal analogue. But we rejected that argument in

*Smith* and *Pridgeon*. "In *Smith*," we explained in *Pridgeon*, "we properly declined to look to statutory federal analogues in considering [Florida's drug statute] because we found that the sentencing guideline did not define 'controlled substance offense' by reference to those analogues and the sentencing guidelines definition was unambiguous." *Pridgeon*, 853 F.3d at 1198 (citing *Smith*, 775 F.3d at 1268).

Nothing has changed since we decided *Smith* and *Pridgeon* that would undermine our precedent to the point of abrogation. Because nothing has changed, we are bound by those decisions. And we are bound by those decisions to affirm the district court's application of the higher base offense level and the sixty-three-month prison sentence.

**AFFIRMED.**[2]

---

[2] The government's motion to supplement the record is **DENIED**.