[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13355
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80074-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY BERNARD JIMERSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 24, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Anthony Bernard Jimerson appeals his 120-month prison sentence for

distributing 0.27 grams of cocaine base, arguing that the district court erred in

sentencing him as a "career offender" under the United States Sentencing Guidelines.  *See* U.S.S.G. § 4B1.1.  The court applied the career-offender enhancement because Jimerson had three prior Florida convictions for sale of cocaine.  On appeal, Jimerson maintains that these prior convictions are not predicate "controlled substance offense[s]" for the enhancement because the statute of conviction, Fla. Stat. § 893.13(1), does not require proof of knowledge of the illicit nature of the controlled substance.  As he concedes, however, we have rejected this same argument.  *United States v. Smith*, 775 F.3d 1262, 1267–68 (11th Cir. 2014).  Because we are bound by *Smith*, we affirm Jimerson's sentence.

The Sentencing Guidelines recommend increased penalties when a defendant is a "career offender."[1]  *See* U.S.S.G. § 4B1.1.  To qualify as a career offender, the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  *Id.* § 4B1.1(a).  A "controlled substance offense" is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

---

[1] Here, for example, Jimerson's guideline range without the career-offender enhancement was 21 to 27 months of imprisonment (total offense level 9; criminal history category VI).  With the enhancement, his guideline range was 151 to 188 months (total offense level 29; criminal history category VI).

*Id.* § 4B1.2(b).

Under Florida law, the sale, manufacture, or delivery of cocaine, or the possession of cocaine with the intent to sell, manufacture, or deliver it, is a felony punishable by a prison term of up to fifteen years. *See* Fla. Stat. §§ 893.13(1)(a), 775.082(3)(d). "[K]nowledge of the illicit nature of a controlled substance is not an element" of the offense. Fla. Stat. § 893.101(2); *see State v. Adkins*, 96 So.3d 412, 415–16 (Fla. 2012). However, the government must still prove the defendant's knowledge of the presence of the substance, and the defendant may raise lack of knowledge of the illicit nature of the substance as an affirmative defense. *Adkins*, 96 So. 3d at 416.

Jimerson argues that the Florida legislature's decision to remove as an element knowledge of the illicit nature of the controlled substance takes § 893.13(1) outside the scope of the career-offender provision. But in *Smith*, we held that a prior conviction under § 893.13(1) is a controlled substance offense under § 4B1.2(b) even though it lacks that element of *mens rea*. *Smith*, 775 F.3d at 1267–68. Reviewing the plain language of § 4B1.2(b)'s definition of controlled substance offense, we concluded that no *mens rea* with respect to the illicit nature of the controlled substance was expressed or implied in the definition. *Id.* at 1267. Rather, § 4B1.2(b)'s definition required only that the predicate statute "prohibits" certain activities related to controlled substances. *Id.* We also found that the presumption

3

in favor of mental culpability and the rule of lenity did not require us to imply an element of *mens rea* in the guideline definition because the text of § 4B1.2(b) was unambiguous. *Id.*

As Jimerson concedes, *Smith* squarely holds that his convictions under Fla. Stat. § 893.13(1) qualify as controlled substance offenses under § 4B1.2(b), notwithstanding the lack of an element of *mens rea* with respect to the illicit nature of the controlled substance. We are bound by that holding here. *See United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) ("We are bound to follow *Smith*."); *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*").

Under *Smith*, the district court properly applied the career-offender enhancement because Jimerson's three prior Florida convictions for sale of cocaine qualify as controlled substance offenses. Because Jimerson raises no other argument on appeal, we affirm his sentence.

**AFFIRMED.**