[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13734
Non-Argument Calendar

_____

D.C. Docket No. 9:18-cr-80064-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFREDO ROY MADRIGAL,
a.k.a. WOLFMAN,
a.k.a. FREDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 14, 2019)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Wilfredo Madrigal appeals his 120-month sentence for distributing heroin. Madrigal contends the district court improperly classified him as a career offender based on two prior convictions for drug-related offenses under Fla. Stat. § 893.13. Madrigal asserts the convictions should not qualify as predicate offenses under U.S.S.G. § 4B1.2(b) because the state law lacked a *mens rea* element.

We review *de novo* the district court's decision to classify a defendant as a career offender under § 4B1.1. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). "We are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011).

A defendant is a career offender if (1) the defendant is at least 18 years old at the time of the instant offense of conviction, (2) the instant offense of conviction is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an offense under federal or state law, punishable by more than one year of imprisonment, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or possession of a controlled substance, with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2(b).

2

In *United States v. Smith*, we held that a prior conviction under Fla. Stat. § 893.13 was a "controlled substance offense" under § 4B1.2(b) and that the definition of "controlled substance offense" under § 4B1.2(b) does not require "that a predicate state offense include[] an element of *mens rea* with respect to the illicit nature of the controlled substance." 775 F.3d 1262, 1268 (11th Cir. 2014); *see also United States v. Pridgeon*, 853 F.3d 1192, 1200 (11th Cir. 2017) (rejecting the argument that *Smith* was wrongly decided and affirming *Smith*'s holding that convictions under § 893.13 qualify as "controlled substance offenses" under the Sentencing Guidelines), *cert. denied*, 138 S. Ct. 215 (2017).  In *Smith*, we stated there was no need to look at the generic definition of "controlled substance offense" by comparing Fla. Stat. § 893.13 to its federal analogue because the term is defined in the Sentencing Guidelines.  775 F.3d at 1267.

Madrigal's argument his prior convictions under Fla. Stat. § 893.13 were not "controlled substance offenses" under the Guidelines because the state law lacked a *mens rea* element is foreclosed by our decision in *Smith*.  Accordingly, the district court did not err in applying an enhanced base offense level based on its determination that his prior Fla. Stat. § 893.13 convictions were controlled substance offenses, and we affirm.

**AFFIRMED.**