[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10272
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00074-AW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAZDIN MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2020)

Before MARTIN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Chazdin Miller pled guilty to one count of possession of a firearm by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district

court found that Miller had two previous felony convictions of either a "crime of violence" or a "controlled substance offense" and, based on that finding, increased his base offense level from 20 to 24.  See USSG § 2K2.1(a)(2).  Miller objected to this increase.  He argued that his conviction for sale of a hallucinogen within 1000 feet of a school in violation of Section 893.13 of the Florida Statutes is not a "controlled substance offense."  He asserted that this offense, which contains no mens rea element as to the illicit nature of the substance, is broader than the generic equivalent.  The district court overruled this objection as barred by United States v. Smith, 775 F.3d 1262 (11th Cir. 2014), in which this Court held that Section 893.13—despite its lack of a mens rea element—is a "controlled substance offense" under the sentencing guidelines.  Id. at 1268.  After overruling Miller's objection, the court sentenced him to 84 months in prison.

At the time the district court sentenced Miller, a case was pending before the Supreme Court that had the potential to overrule Smith.  The Supreme Court has since decided that case, Shular v. United States, 589 U.S. ___, 140 S. Ct. 779 (2020).  In Shular, the Court held that the Armed Career Criminal Act's "serious drug offense" definition "does not require that the state offense match certain generic offenses."  Id. at 782.  Instead, the "serious drug offense" definition applies if the defendant was convicted of a state offense involving "the conduct specified in the federal statute."  Id. (emphasis added); see id. at 787.

Even though the Supreme Court's ruling in <u>Shular</u> appears to endorse this Court's approach in <u>Smith</u>,[1] Miller makes two arguments for why his objection is still valid.  First, in his opening brief, Miller argued the Supreme Court could still grant certiorari to decide whether <u>Shular</u>—which concerned the Armed Career Criminal Act—should be extended to the sentencing guidelines.  Since then, however, the Supreme Court denied certiorari in the case to which Miller's brief referred.  <u>See</u> <u>Bishop v. United States</u>, 140 S. Ct. 1274 (2020).  That case was an appeal from a decision of this Court reaffirming that "a conviction under [Section] 893.13(1)(a) is a 'controlled substance offense' under the Guidelines."  <u>United States v. Bishop</u>, 940 F.3d 1242, 1253–54 (11th Cir. 2019) (citing <u>Smith</u>, 775 F.3d at 1267).  While we do not doubt that the Supreme Court could at some future point address whether the rule in <u>Shular</u> applies to cases under the sentencing guidelines, it has not yet chosen to do so.  Thus, Miller's argument falls short.

Second, Miller argues that even if <u>Shular</u> would not require a different outcome in <u>Smith</u>, the Supreme Court overruled the conduct-based test this Court applied in that opinion. The Armed Career Criminal Act defines "serious drug offense" as "an offense under State law, <u>involving</u> manufacturing, distributing, or

---

[1] Indeed, <u>Shular</u> affirmed a decision of this Court applying <u>Smith</u>.  <u>See</u> <u>United States v. Shular</u>, 736 F. App'x 876, 877 (11th Cir. 2018) (per curiam) (unpublished) ("The appellant does not make any arguments in his initial brief, apart from those alleging that our decision in <u>Smith</u> is incorrect.  We may not deviate from <u>Smith</u>'s holding, so we affirm." (citations and footnote omitted)).  In addition, <u>Shular</u>, <u>Smith</u>, and Miller's case all concern convictions under the same state law: Section 893.13.  <u>See</u> <u>Shular</u>, 140 S. Ct. at 784; <u>Smith</u>, 775 F.3d at 1268.

possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). The sentencing guidelines define "controlled substance offense" as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance." USSG § 4B1.2(b). Miller says this distinction in language matters because of Shular's focus on the Armed Career Criminal Act's use of the word "involving," which the Supreme Court said shows Congress intended to "describe conduct rather than offenses." Shular, 140 S. Ct. at 786. But Shular did not hold that an offense-based approach is required for analogous provisions that lack the word "involving," such as the sentencing guidelines' definition of "controlled substance offense." See id. Until the Supreme Court or our Court sitting en banc sets forth such a rule, Smith and its progeny remain binding precedent.

**AFFIRMED.**

4