[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11655
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80004-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUWAYNE JONES,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Duwayne Jones appeals his 144-month sentence for distribution of a substance containing a detectable amount of heroin and cocaine.  He argues that the district court erred in classifying him as a career offender based on his prior Florida convictions for possession of cocaine with intent to sell or deliver.  He asserts that because Florida law does not contain a *mens rea* element regarding the illicit nature of the controlled substance, his convictions should be not used as career offender predicates.

This Court reviews *de novo* the district court's decision to classify a defendant as a career offender.  *United States v. Gibson*, 434 F.3d 1234, 124 (11th Cir. 2006).

Section 4B1.1 of the Sentencing Guidelines provides that a defendant is a career offender if "(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  Controlled substance offense is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

2

Section 893.13 of the Florida Statutes criminalizes the sale, manufacture, and delivery of a controlled substance, as well as possession of a controlled substance with intent to sell, manufacture, or deliver. Fla. Stat. § 893.12(1)(a)(1). In May 2002, the Florida Legislature enacted Fla. Stat. § 893.101, which eliminated knowledge of the illicit nature of the drugs as an element of controlled substance offenses and created an affirmative defense for the lack of such knowledge. *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1350 (11th Cir. 2012).

In *United States v. Smith*, this Court held that a conviction under Fla. Stat. § 893.13 for the sale or delivery of cocaine and the possession of cocaine with intent to distribute it qualifies as a "serious drug offense" under the Armed Career Criminal Act ("ACCA") and a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *United States v. Smith*, 775 F.3d 1262, 1266-68 (11th Cir. 2014); *see also United States v. Phillips*, 834 F.3d 1176, 1184 (11th Cir. 2016) (following *Smith* as binding precedent to a defendant's conviction for possession cocaine with the intent to sell). This Court concluded that because no *mens rea* element with respect to the illicit nature of the controlled substance is expressed or implied in the definition under 18 U.S.C. § 924(e)(2)(A)(ii), convictions under Fla. Stat. § 893.13(1)(a) categorically qualify as serious drug offenses under the ACCA and controlled substance offenses under § 4B1.2(b). *Smith*, 775 F.3d at 1267-68.

3

The Supreme Court recently affirmed a decision from this Court relying on *Smith* and held that convictions under Fla. Stat. § 893.13(1)(a) qualify as serious drug offenses under the ACCA even though knowledge of the illicit nature of the controlled substance is not an element of the crime. *Shular v. United States*, 140 S. Ct. 779, 784-85 (2020). The Supreme Court reasoned that the ACCA's definition of "serious drug offense" requires only that the state offense involve the conduct specified in the federal statute, and not that the state offense match the elements of a generic drug offense. *Id.* at 785-787.

Here, the district court did not err in applying the career offender enhancement based on Jones's prior convictions under Fla Stat. § 893.13. As Jones acknowledges, his argument that his convictions are not serious drug offenses is foreclosed by *Smith*. *Smith* is binding precedent, and, in *Shular*, the United States Supreme Court recently affirmed its holding in the ACCA context.

**AFFIRMED.**