[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10011
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00138-VMC-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRINCE GEORGE KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 23, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and ED CARNES, Circuit
Judges.

PER CURIAM:

Prince George Kelly pleaded guilty to one count of possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At sentencing the district court found that Kelly had past convictions for a "crime of violence" and a "controlled substance offense," which resulted in a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  After applying a three-level downward adjustment for acceptance of responsibility, the district court found that Kelly's total offense level was 21 and his criminal history category was V.  As a result, Kelly's advisory guidelines range was 70 to 87 months in prison.  The court sentenced him to 70 months in prison, the bottom of the guidelines range.

On appeal Kelly contends for the first time that his 2006 Florida conviction for possessing cocaine with intent to sell or deliver it, in violation of Fla. Stat. § 893.13(1), does not qualify as a controlled substance offense as defined in U.S.S.G. § 4B1.2(2).[1]  He argues that because knowledge of the nature of the controlled substance he possessed is not an element of his Florida drug offense, that offense does not meet the guidelines' definition of a controlled substance offense.  Because he failed to raise this issue in the district court, our review is only for plain error.  United States v. Joyner, 899 F.3d 1199, 1207 (11th Cir. 2018).

---

[1] Section 2K2.1 borrows the definition of "controlled substance offense" from § 4B1.2(2).  See § 2K2.1 cmt. n.1.

2

The district court did not err at all, let alone plainly err.  We have held in a published decision that a conviction for possession with intent to distribute under § 893.13(1) is a controlled substance offense for purposes of § 4B1.2(2).  See United States v. Smith, 775 F.3d 1262, 1266–68 (11th Cir. 2014).  In reaching that holding, we rejected an argument identical to Kelly's — that the lack of a knowledge element in § 893.13(1) means it does not fit within the guidelines' definition of a controlled substance offense.  Id.  We are bound by Smith until either the United States Supreme Court or this Court sitting en banc holds otherwise.  See United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).[2]

    **AFFIRMED.**

---

[2] At Kelly's request, we held this case in abeyance until the Supreme Court issued its decision in Shular v. United States, 140 S. Ct. 779 (2020).  In Shular the Court affirmed our decision, based on Smith, that a defendant's conviction under § 893.13(1) was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii).  See id. at 787; United States v. Shular, 736 F. App'x 876, 876–77 (11th Cir. 2018).  Nothing about the Court's decision in Shular calls into question our holding in Smith that a § 893.13(1) offense is a controlled substance offense under the guidelines.