[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12601
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00400-VMC-SPF-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRESE COLSTON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 5, 2020)

Before GRANT, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Terrese Colston ("Colston") appeals the district court's imposition

of a 360-month sentence for carjacking, brandishing a firearm during a carjacking,

and being a felon in possession of a firearm and ammunition.  He argues that the district court erred when it concluded that he was a career offender because, he contends, his prior Florida controlled substance convictions should not count as predicate offenses and that the district court erred when it did not award him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  He also challenges the substantive reasonableness of his sentence.

## I.

We review *de novo* the district court's interpretation of the guidelines and its application of the guidelines to the facts.  *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020).  We review *de novo* the district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1.  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).   We review a district court's determination of whether to apply a reduction for acceptance of responsibility for clear error.  *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005) (per curiam).  "The district court is in a unique position to evaluate whether a defendant has accepted responsibility for his acts, and this determination is entitled to great deference on review."  *United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017) (per curiam).  We review the substantive reasonableness of a sentence under

2

an abuse of discretion standard. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020) (per curiam).

## II.

Colston contends that the district court should not have sentenced him as a career offender. He argues that his convictions for violations of Florida Statute § 893.13 are too broad to qualify as predicate offenses for a career offender enhancement because the statute does not have a *mens rea* requirement. Colston acknowledges that this court's precedent forecloses this argument.

A defendant is a career offender if, among other things, he has at least two prior felony convictions for a controlled substance offense. U.S.S.G. § 4B1.1(a). We have held that a prior conviction under Fla. Stat. § 893.13(1) is a "controlled substance offense" under U.S.S.G. § 4B1.2(b). *See United States v. Pridgeon*, 853 F.3d 1192, 1200 (11th Cir. 2017); *United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014). In *Smith*, we rejected the argument that a predicate offense, as defined under § 4B1.2(b), requires a *mens rea*, noting that neither Congress nor the Sentencing Commission had called for a *mens rea* requirement in the prior offenses. *Id.* at 1267. Thus, under our binding precedent, we conclude that the district court did not err in designating Colston as a career offender.

3

## III.

Colston argues that the district court erred when it did not grant him a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  To receive a two-level reduction under § 3E1.1(a), the defendant must "clearly demonstrate[] acceptance of responsibility for his offense."  U.S.S.G.  § 3E1.1(a).  "The determination of whether a defendant has adequately manifested acceptance of responsibility is a flexible, fact sensitive inquiry.  The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea."  *United States v. Wright*, 862 F.3d 1265, 1279 (11th Cir. 2017) (internal quotations and citations omitted).  In determining whether the defendant is entitled to this adjustment, the district court may consider, among other relevant factors, whether the defendant truthfully admitted his relevant conduct.  U.S.S.G. § 3E1.1, comment. (n.1(A)).  "A defendant who falsely denies . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."  *Id*.

The record indicates that Colston did not clearly demonstrate acceptance of responsibility.  He attempted to withdraw his plea not because it was involuntary, coerced, or done without the assistance of counsel, but rather, because he was displeased with the guideline calculation.  He particularly objected to the

4

description of his relevant conduct because it recited the fact that he shot a police officer and fled from law enforcement after the carjacking incident.  The district court's denial of an acceptance of responsibility adjustment on this basis was not erroneous.  *Cf. Tejas*, 868 F.3d at 1248 (holding that district court did not clearly err in denying an adjustment for acceptance of responsibility where the defendant had affirmatively denied relevant conduct that the district court found was established by a preponderance of the evidence).  Furthermore, Colston opposed his restitution assessment for the carjacking victim, which is contrary to a clear acceptance of responsibility.  *Cf.* U.S.S.G. §3E1.1, comment. (n.1(C)) (voluntary payment of restitution prior to adjudication of guilt indicates acceptance of responsibility).  Accordingly, we conclude that, based on the record, the district court did not err in denying Colston an acceptance of responsibility reduction.

## IV.

Colston challenges his 30-year sentence as substantively unreasonable.  He contends that the district court abused its discretion because it failed to consider relevant mitigating factors, such as his difficult childhood and psychological issues.  He also asserts that the district court improperly gave undue weight to its own biases regarding violence.  We conclude from the record that the district court

5

carefully considered all the proper factors, and Colston cannot meet his burden of proving that his sentence is substantively unreasonable.

On substantive reasonableness review, we will only vacate the sentence if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).  When weighing the § 3553(a) factors, the district court enjoys great discretion.  *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).  That discretion is abused if "it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by unreasonably balancing the proper factors."  *Id.*  The burden is on the defendant to prove that the sentence is substantively unreasonable.  *Id.*  Additionally, a sentence less than "the statutory maximum penalty is an indicator of [its] reasonableness."  *Id.*

The district court stated that it considered all the 18 U.S.C. § 3553(a) factors, and it specifically discussed Colston's personal history and characteristics.  The district court rejected the government's request for a 35-year sentence based on the

6

challenges Colston encountered during his childhood and his current mental health challenges. The district court acknowledged that it considered a downward variance but ultimately decided not to grant one because of the violent nature of Colston's offense. Moreover, the district court did not impose a sentence outside the range of reasonable sentences, but rather, sentenced Colston to the bottom of the applicable guideline range of 360-months.

Accordingly, for the aforementioned reasons, we conclude that the district court was correct that the Florida controlled substance convictions qualified as predicate offenses, did not clearly err when it declined to apply a reduction for acceptance of responsibility, and did not abuse its discretion in sentencing Colston to a total of 360-months. Thus, we affirm Colston's sentence.

**AFFIRMED.**