[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14928
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80125-RKA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTAVIS HOLLIS SAMUEL,
a.k.a. Tay Tay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Martavis Samuel appeals his 84-month, below-guideline sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  He argues that the district court improperly classified him as a career offender under the Sentencing Guidelines because § 893.13 of the Florida Statutes lacks a mens rea requirement regarding the illicit nature of the controlled substance and, therefore, that his prior convictions under § 893.13 do not qualify as "controlled substance offense[s]."  *See* U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2(b).  Samuel acknowledges that we held in *United States v. Smith* that a conviction under § 893.13 qualifies as a controlled-substance offense and, therefore, a career-offender predicate.  *See* 775 F.3d 1262, 1268 (11th Cir. 2014).  He contends that *Smith* was in error given the Supreme Court's holdings in *Elonis v. United States*, 135 S. Ct. 2001 (2015), and *McFadden v. United States*, 576 U.S. 186 (2015).  Samuel also asserts that, while *Shular v. United States*, 140 S. Ct. 779 (2020) approved of part of *Smith*, it did not address *Smith*'s conclusion regarding mens rea and controlled-substance offenses.

## I

We review de novo the district court's decision to classify a defendant as a career offender.  *United States v. Pridgeon*, 853 F.3d 1192, 1198 n.1 (11th Cir. 2017).  A prior panel's holding is binding precedent on all subsequent panels unless it is overruled by this Court sitting en banc or the Supreme Court.  *United*

2

*States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation omitted). Additionally, the Supreme Court decision must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

A defendant is considered a "career offender" under the Sentencing Guidelines if (1) "the defendant was at least eighteen years old at the time" of the current offense of conviction, (2) the current offense of conviction is "a felony that is either a crime of violence or a controlled substance offense," and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a). A "controlled substance offense" is a federal or state-law offense, punishable by more than one year of imprisonment, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

In *Smith*, we held that a prior conviction under § 893.13 of the Florida Statutes is a "controlled substance offense" and that the definition of "controlled substance offense" does not require "that a predicate state offense include[] an

3

element of *mens rea* with respect to the illicit nature of the controlled substance."

*Smith*, 775 F.3d at 1268; *see also Pridgeon*, 853 F.3d at 1200 (explaining that

*Smith* "squarely held that a § 893.13 offense qualifies as a 'controlled substance

offense' despite the fact that the Florida legislature elided the element of *mens

rea* as to the illicit nature of the controlled substance").

The year after we decided *Smith*, the Supreme Court decided *Elonis* and

*McFadden*. *Elonis* held that 18 U.S.C. § 875(c), which proscribes certain threats,

"requires that the defendant be aware of the threatening nature of the

communication." 135 S. Ct. at 2004; *see also id.* at 2011–12. In *McFadden*, the

Court held that the government must "establish that the defendant knew he was

dealing with a controlled substance" to convict him in prosecutions involving a

controlled-substance analogue, such as bath salts. 576 U.S. at 188–89 (quotation

omitted).

**II**

Here, the district court did not err in classifying Samuel as a career offender

because he was over 18 years old at the time of the current offense, the current

offense is a controlled-substance offense, and he has more than two prior

convictions for controlled-substance offenses. *See* U.S. Sentencing Guidelines

Manual § 4B1.1(a). Samuel's argument that his prior convictions under § 893.13

were not controlled-substance offenses under the Guidelines because the state law

4

lacked a mens rea element is foreclosed by our decision in *Smith*. *See Smith*, 775 F.3d at 1268. And we are bound by our holding in *Smith* under the prior-panel-precedent rule. *See Jordan*, 635 F.3d at 1189.

Samuel's assertion that *Shular* did not address whether the career-offender guideline requires a predicate offense to have an element of mens rea regarding the illicit nature of the controlled substance is irrelevant—*Shular* would have had to abrogate or directly conflict with *Smith* for us to not apply the prior-panel-precedent rule. *See Kaley*, 579 F.3d at 1255. To the extent that Samuel argues that the prior-panel-precedent rule should not apply because of *Elonis* and *McFadden*, he fails to show how either case directly conflicts with *Smith*. *See Kaley*, 579 F.3d at 1255. Neither decision addressed the Sentencing Guidelines' definition of a "controlled substance offense," but instead dealt with the mental state required for the government to obtain a conviction under certain federal statutes.

For these reasons, the district court did not err in applying the career-offender enhancement based on its determination that Samuel's prior § 893.13 convictions were controlled-substance offenses.

**AFFIRMED.**