[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12791
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00046-CEM-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS DEWAYNE CARROLL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Morris Carroll appeals his 108-month sentence for possessing a firearm as a convicted felon. He argues that the district court erred in relying on *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), to find that his prior felony drug conviction under Fla. Stat. § 893.13 qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) because, he argues, § 893.13 required no *mens rea* with respect to the illicit nature of the substance.

We ordinarily review *de novo* whether a prior conviction qualifies as a controlled substance offense under the Sentencing Guidelines. *United States v. Bates*, 960 F.3d 1278, 1293 (11th Cir. 2020). But when an issue is raised for the first time on appeal, we review for plain error. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

Section 2K2.1(a)(2) of the U.S. Sentencing Guidelines is used to calculate the base offense level for a defendant convicted of the unlawful possession of a firearm "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). The commentary explains that a "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to

2

manufacture, import, export, distribute, or dispense." U.S.S.G. §§ 2K2.1, comment. (n.1), 4B1.2(b).

In *Smith*, we held that offenses under Fla. Stat. § 893.13(1) are categorically controlled substance offenses under the Guidelines, concluding that no element of *mens rea* with respect to the illicit nature of the controlled substance was required by U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense." 775 F.3d at 1267–68. In subsequent cases, we repeatedly upheld *Smith* in determining that a prior conviction under Fla. Stat. § 893.13 is a controlled substance offense under the Sentencing Guidelines. *Id*.; *see United States v. Bishop*, 940 F.3d 1242, 1253–54 (11th Cir. 2019); *United States v. Pridgeon*, 853 F.3d 1192, 1198–1200 (11th Cir. 2017).

In *Shular*, the Supreme Court clarified that a court deciding whether a state offense fits the Armed Career Criminal Act's (ACCA) definition of a "serious drug offense" should do so not by comparing the elements of the state offense to those of a generic offense of the kind identified in § 924(e)(2)(A)(ii), but by asking whether the elements of the state offense "necessarily entail" one of the types of conduct identified in § 924(e)(2)(A)(ii). *Shular v. United States*, 140 S. Ct. 779, 784–85 (2020). The *Shular* Court affirmed an unpublished decision of this Court that relied on *Smith*'s holding that offenses under Fla. Stat. § 893.13(1) constitute serious drug offenses under the ACCA. *Id.* at 784. Nevertheless, the Supreme

3

Court expressly reserved the question whether, even under its analysis, the ACCA requires that a serious drug offense include an element of knowledge of the illicit status of the drug. *Id.* at 787 n.3. Shortly after the Court's decision in *Shular*, however, we clarified that *Shular*'s reasoning and holding are consistent with this Court's precedent and reaffirmed our decision in *Smith*, holding once again that convictions under Fla. Stat. § 893.13 constitute serious drug offenses as defined in the ACCA. *United States v. Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020).

Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Here, the district court did not err in determining Carroll's base offense level because our binding precedent in *Smith* forecloses his argument that his prior conviction under Fla. Stat. § 893.13 is not a controlled substance offense because it lacks a *mens rea* requirement as to the illicit nature of the controlled substance. Therefore, the district court properly applied an enhanced base offense level based, in part, on Carroll's prior conviction for a controlled substance offense.

**AFFIRMED.**