[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12363

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE MURPHY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00031-AW-GRJ-1

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Willie Murphy, Jr., appeals his 240-month sentence for one count of possession of a controlled substance with intent to distribute because he claims the district court plainly erred by sentencing him as a career offender. Murphy argues, for the first time on appeal, that the district court erred in applying a career offender sentencing enhancement based on past drug convictions that were not "controlled substance offense[s]" under U.S.S.G. § 4B1.1. He asserts that the plain language of U.S.S.G. § 4B1.2(b) requires that an offense include a mens rea element concerning knowledge of the illicit nature of the controlled substance for that offense to be counted as a controlled substance offense under U.S.S.G. § 4B1.2. We affirm.

I.

In October 2020, Murphy was charged with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C). Murphy initially pled not guilty.

The government later filed a notice of Murphy's prior convictions for sentence enhancement purposes, highlighting three of his past convictions that it alleged were prior convictions within the meaning of 21 U.S.C. § 851: (1) obstructing or opposing an officer with violence (two counts), under Fla. Stat. § 843.01, in 2015;

(2) sale of cannabis within 1,000 feet of a school, under Fla. Stat. § 893.13(1)(c)2, in 2010; and (3) possession of cocaine with intent to sell or deliver, under Fla. Stat. § 893.13(1)(a), in 2003.

Murphy later agreed to plead guilty, agreeing also to an accompanying statement of facts admitting that he had been convicted of the offenses highlighted in the government's notice. Murphy's PSI initially placed him in the criminal category V but elevated him to category VI due to his status as a career offender. With a total offense level of 34 and a criminal history category of VI, the PSI found that Murphy's guideline imprisonment range was 262 months to 327 months. But it noted that this was subject to a statutory minimum of 120 months' imprisonment. Prior to sentencing, Murphy did not object to the PSI.

At sentencing, the court asked Murphy if he desired to object to the PSI's guidelines calculations. Murphy said that he did not. The court then asked if there were any issues with the prior convictions, to which Murphy responded, "They are what they are . . . [t]he law in the Eleventh Circuit is not favorable, specifically the possession with intent to distribute . . . ." When the court asked once more if either party wished to object to the PSI or guideline calculations, both declined. Defense counsel also admitted that he thought, "under the current state of the law, as applied to the United States Sentencing Guidelines, [Murphy did] technically qualify as a career offender."

Nevertheless, Murphy argued for a downward variance based on his difficult upbringing, his mental health struggles, and

some previous convictions that happened when he was much younger. The court ultimately varied downward and sentenced Murphy to 240 months' imprisonment, followed by 8 years of supervised release. It then asked Murphy for any additional objections, and he declined, except to the degree of the downward variance.

Following entry of judgment, Murphy appealed.

## II.

We generally review *de novo* whether a prior conviction qualifies as a "controlled substance offense" under the guidelines. *See United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017). Nevertheless, when a defendant fails to present an issue to the district court in the first instances, we will review such a challenge under plain error. *United States v. Wilson*, 788 F.3d 1298, 1310 (11th Cir. 2015).

Plain error occurs where: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Roosevelt Coats*, 8 F.4th 1228, 1235 (11th Cir. 2021). "Such error must be so clearly established and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015) (per curiam) (internal quotation marks omitted).

III.

Under the guidelines, a defendant is a career offender if: (1) the defendant was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a "crime of violence" or a "controlled substance offense"; and (3) the defendant has at least two prior convictions of either a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an offense under federal or state law, punishable by more than one year of imprisonment, "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

We have held that a conviction for violating the law Murphy was convicted under, Fla. Stat § 893.13(1), is a "controlled substance offense" under U.S.S.G. § 4B1.2(b), and that U.S.S.G. § 4B1.2(b) does not require that a charged offense include "an element of mens rea with respect to the illicit nature of the controlled substance." *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014). We have since affirmed *Smith*'s holding several times. *See United States v. Bishop*, 940 F.3d 1242, 1253–54 (11th Cir. 2019); *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017).

This Court is bound by the language of prior cases when that language answers questions "actually presented and decided" or "otherwise necessary to the answers of those presented and decided questions." *Cave v. Sec'y for Dept. of Corr.*, 638 F.3d 739,

746 (11th Cir. 2011).  Under the prior panel precedent rule recognized by our court, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *United States v. Archer,* 531 F.3d 1347, 1352 (11th Cir. 2008).  Moreover, under the invited error doctrine, "a party may not challenge as error a ruling or other trial proceeding invited by that party."  *See United States v. Silvestri*, 409 F.3d 1311, 1327–28 (11th Cir. 2005).

Here, even assuming Murphy did not invite any error by admitting, at sentencing, that he was "technically" a career offender, the district court did not plainly err.  Murphy failed to object to his prior Florida drug convictions at sentencing and the district court had no reason to notice an "obvious" error.  *Hesser*, 800 F.3d at 1325.  *Smith*'s holding established that a conviction under Fla. Stat § 893.13(1) was a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  *Smith*, 775 F.3d at 1268.  Murphy raises the same argument that the appellant raised unsuccessfully in *Smith*—that Fla. Stat. § 893.13 does not qualify as a "controlled substance offense" because the statute has no mens rea requirement regarding the illicit nature of the substance.  *Id.* at 1266–67.  The Supreme Court has not overruled *Smith* or held that U.S.S.G. § 4B1.2(b) requires a previous offense to include a mens rea requirement concerning the illicit nature of the controlled substance.  *See Shular v. United States*, 140 S. Ct. 779, 784 (2020).  Thus, the district court did not commit an error, much less one that was so "clearly established

and obvious that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." *Hesser*, 800 F.3d at 1325 (internal quotation marks omitted).

## IV.

In conclusion, the district court did not plainly err. Murphy's two convictions under Fla. Stat. § 893.13 qualified as controlled substance offenses within U.S.S.G. § 4B1.2 under current Eleventh Circuit and Supreme Court law, and therefore the district court was correct to apply a career offender enhancement. Accordingly, we affirm.

**AFFIRMED**.