[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12695

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEMONTE EASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00040-TKW-5

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Sheryl Lowenthal, appointed counsel for Demonte Easley on direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, we grant counsel's motion to withdraw and affirm Easley's convictions and sentences.

In coming to this conclusion, we have considered Mr. Easley's response to his counsel's motion to withdraw. The problem for Mr. Easley is that we have held that possession of a controlled substance with intent to distribute in violation of Fla. Stat. § 893.13 constitutes a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) (defining a "serious drug offense" in part as an offense under state law "involving manufacturing, distributing, or possession with intent to manufacture or distribute a controlled substance"). *See United States v. Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014); *United States v. Jackson*, 55 F.4th 846, 861-62 (11th Cir. 2022). And, as we noted in *Jackson*, the Supreme Court has affirmed one of our decisions holding that a conviction under § 893.13 is a "serious drug offense." *See Shular v. United States*, 140 S.Ct. 779, 784, 787 (2020). Mr. Easley's prior convictions under § 893.13 for distribution of crack cocaine within 1,000 feet of a place of worship and for

possession of crack cocaine with intent to distribute therefore constituted ACCA predicate offenses.

Although we grant the motion to withdraw and affirm Easley's convictions and sentences, there is a clerical error in his final judgment of conviction. We may *sua sponte* raise the issue of a clerical error in a judgment and remand with instructions to correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). The superseding indictment and Easley's plea agreement state in Count 1 that Easley violated 21 U.S.C. § 846 by conspiring to possess with intent to distribute controlled substances. However, the district court lists 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(i), as the statutes of conviction on Count 1. Section 846 punishes conspiracy to possess with intent to distribute controlled substances, and the district court's omission of a citation to it appears to be a clerical error. Thus, we remand to the district court with instructions to amend the judgment of conviction to correct the clerical error.

Motion to withdraw **GRANTED**, convictions and sentences **AFFIRMED**, and **REMANDED** for the limited purpose of correcting the judgment.